Hart, J.
 

 The record in this case presents the question as to whether a judgment in favor of the owner of premises and a complete settlement with the lessees of the same premises, by one who claims injuries caused by the defective condition of a trapdoor maintained by such owner and lessees for their exclusive use in the sidewalk in front of such premises, are a bar to a suit brought by the same party to recover for the same injuries, from the municipality in which such premises and sidewalk are located, the right to sue such municipality having been reserved in the settlement with such lessees.
 

 For the sake of brevity, in the course of this opinion the parties will be designated as plaintiff, owner, lessees and city.
 

 Upon the acquisition of real property, the owner becomes responsible for future injuries to third persons caused by any construction negligently maintained for his benefit in the sidewalk upon which his property abuts. In the instant case, the fact that the trapdoor and the handle attached to the same had been constructed in the sidewalk prior to 1925 when Gutknecht became the owner of the property, did not relieve him from liability. His liability as to this trapdoor, if any,
 
 *194
 
 began when he purchased the property.
 
 Weems
 
 v.
 
 Lee,
 
 185 Miss., 98, 187 So., 531.
 

 Abutting owners are liable for injuries resulting from defects and dangerous structures in streets and sidewalks, created or negligently permitted to exist by them for their own private use or benefit. 28 Ohio Jurisprudence, 632, Section 400;
 
 Clark
 
 v.
 
 Fry,
 
 8 Ohio St., 358, 72 Am. Dec., 590;
 
 Morris
 
 v.
 
 Woodburn,
 
 57 Ohio St., 330, 48 N. E., 1097;
 
 First National Bank of Warren
 
 v.
 
 Gillen,
 
 73 Ohio St., 394, 78 N. E., 1125 (affirming 7 C. C. [N. S.], 33, 17 C. D., 609);
 
 Hauck
 
 v.
 
 Mooney,
 
 92 Ohio St., 511, 112 N. E., 1084 (affirming 1 Ohio App., 432);
 
 Hawver
 
 v.
 
 Whalen,
 
 49 Ohio St., 69, 29 N. E., 1049, 14 L. R. A, 828.
 

 “If the owner of a lot abutting upon a street of a municipality, for the use of his property, constructs a vault under the sidewalk over which he negligently places and maintains a defective covering, he is liable, primarily and directly, to one who is injured thereby, notwithstanding the omission by the municipality of the duty imposed upon it by statute to keep the street in repair.” 28 Ohio Jurisprudence, 633, note. See, also,
 
 Morris
 
 v.
 
 Woodburn, supra.
 

 ' As between an owner and his tenant, “a tenant is liable for an injury sustained by a pedestrian by reason of negligently maintaining in a defective condition a structure constructed in the sidewalk by the landlord or tenant, such as á cellar door or grating, where the tenant is in control of such structure.” 24 Ohio Jurisprudence, 1004, Section 259. See, also,
 
 Burdick
 
 v.
 
 Cheadle,
 
 26 Ohio St., 393, 20 Am. Rep., 767;
 
 Stackhouse
 
 v.
 
 Close,
 
 83 Ohio St., 339, 94 N. E., 746;
 
 Marqua
 
 v.
 
 Martin,
 
 109 Ohio St., 56, 141 N. E., 654;
 
 Berkowitz
 
 v.
 
 Winston,
 
 128 Ohio St., 611, 193 N. E., 343; 2 Restatement of Torts, 967., Section 356. Under some circumstances both the landlord and the tenant may be liable to third persons for the dangerous condition of premises thus maintained for the benefit of both landlord and ten
 
 *195
 
 ant.
 
 Shindlebeck
 
 v.
 
 Moon,
 
 32 Ohio St., 264, 30 Am. Rep., 584;
 
 Davies
 
 v.
 
 Kelley,
 
 112 Ohio St., 122, 146 N. E., 888.
 

 It is not important as to how the liability of the owner and the lessees to the plaintiff, if any, for the creation or maintenance of the nuisance which caused the injury to plaintiff, shall be shared or allocated between them; but it is important that the owner or lessees, singly or in'combination, were the actual wrongdoers in the maintenance of this nuisance in the sidewalk. If it was wrongfully maintained, they became liable to plaintiff for all actionable negligence and all the damages to the plaintiff arising from such negligent acts. That they were the actual wrongdoers, if the plaintiff suffered any legal wrong, cannot be questioned. They were the only actors who could be chargeable with any actual wrongdoing.
 

 But because of the responsibility of a municipality under the law, for the safe condition of its streets and alleys, it may also become liable to persons who are injured upon them through defects which were not created or maintained by the municipality itself. Section 3714, General Code.
 

 Where a dangerous condition in a street or sidewalk within a municipality has been caused solely by the negligent acts of the owner or lessees, or both, of property abutting upon such street or sidewalk, and such dangerous condition is permitted to remain after actual or constructive notice to the municipality and thereafter causes injury to a person lawfully using such street or sidewalk, the municipality also becomes liable to such injured person for his injuries so received. Under such circumstances the municipality is liable only when the owner or lessee is liable for such wrongful conduct. If the owner committed no tort and is not liable to an injured party, neither is the municipality liable for the acts of the owner. Likewise, if the lessees committed no tort and are not liable
 
 *196
 
 to an injured party, the municipality is not liable for any acts of the lessees.
 

 Conceding in the instant case that the owner and lessees acted negligently in the maintenance of the trapdoor resulting in plaintiff’s injuries, they, as one unit, and the city of Youngstown, as another, became not joint but concurrent and related tort-feasors. As between the owner and lessees, as a unit, and the city of Youngstown, there would exist a ■primary and secondary liability to the injured party.
 
 11 * * *
 
 the primary liability, to the extent of full compensation, rests upon the party who actually commits the wrong, while the secondary liability to the same extent, but reduced by any contribution to compensation made by the party primarily liable, rests upon the party who, by reason of his relationship to the wrongdoer, is also liable for the wrong committed. In such case there can be no joinder in a single action of the party primarily liable and the party secondarily liable because there is no joint liability. If they are joined in an action, and this relationship appears on the face of the petition it is demurrable for misjoinder of parties defendant. If it does not appear on the face of the petition but develops from the evidence on the trial, the plaintiff may, on motion, be required to elect as to which one of the two he will pursue, dismissing the other from the action, but not necessarily from the claim.”
 
 Losito
 
 v.
 
 Kruse, Jr., ante,
 
 183, this day decided by this court. See, also,
 
 Canton Provision Co.
 
 v.
 
 Gauder,
 
 130 Ohio St., 43, 196 N. E., 634;
 
 Bello
 
 v.
 
 City of Cleveland,
 
 106 Ohio St., 94, 138 N. E., 526;
 
 Morris
 
 v.
 
 Woodburn, supra; Village of Mineral City
 
 v.
 
 Gilbow,
 
 81 Ohio St., 263, 90 N. E., 800, 25 L. R. A. (N. S.), 627;
 
 French
 
 v.
 
 Central Construction Co.,
 
 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669;
 
 City of Rochester
 
 v.
 
 Campbell,
 
 123 N. Y., 405, 25 N. E., 937;
 
 City of Chicago
 
 v.
 
 Robbins, 67
 
 U. S. (2 Black), 418,17 L. Ed., 298.
 

 For the wrong of an abutting property owner creat
 
 *197
 
 ing a nuisance in a street or sidewalk, the injured party has a right of action against the property owner creating the nuisance, or, after due notice, against the municipality in which the defective street or sidewalk is located, or against both separately, a judgment against one being no bar to an action or judgment against the other until one judgment is satisfied.
 
 Maple
 
 v.
 
 Cin., H. & D. Rd. Co.,
 
 40 Ohio St., 313, 48 Am. Rep., 685. The plaintiff, in any event, can have but one satisfaction of his claim. But, under such circumstances, there exists the right of subrogation to the claim of the injured party and reimbursement upon the part of the city as against the property owner, in case the former is obliged to respond in damages for the wrongful act of the latter.
 
 Clarke
 
 v.
 
 Fry, supra; City of Zanesville
 
 v.
 
 Fannan,
 
 53 Ohio St., 605, 42 N. E., 703, 53 Am. St. Rep., 664;
 
 Morris
 
 v.
 
 Woodburn, supra; City of Chicago
 
 v.
 
 Robbins, supra; City of Rochester
 
 v.
 
 Campbell, supra.
 

 From what has already been said, since there was a verdict and judgment against the plaintiff and in favor of the property owner, there could be no recovery from the city of Youngstown on account of any fault upon the part of the property owner in maintaining the trapdoor in question. In other words the judgment in favor of the property owner, in the suit of the plaintiff against him, serves as an estoppel to any claim of the plaintiff against the city of Youngstown for any wrongdoing upon the part of the property owner for which the city of Youngstown might be responsible.
 
 Hill
 
 v.
 
 Bain, Treas.,
 
 15 R. I., 75, 23 A., 44, 2 Am. St. Rep., 873;
 
 City of Anderson
 
 v.
 
 Fleming,
 
 160 Ind., 597, 67 N. E., 443, 66 L. R. A., 119;
 
 Doremus
 
 v.
 
 Root,
 
 23 Wash., 710, 63 P., 572, 54 L. R. A., 649.
 

 What effect did the settlement .of the plaintiff with the lessees have upon the liability of the city of Youngstown to the plaintiff for the maintenance of the trapdoor in the sidewalk? This court holds that the
 
 *198
 
 settlement made by the plaintiff with the lessees, and his full release pf claim against them on account of such injuries in consideration of the sum of $900, exonerated the city of Youngstown. Otherwise, the city would be deprived of its right of reimbursement from the lessees, if, after settlement, the claim could be enforced against the city.
 
 Bello
 
 v.
 
 City of Cleveland, supra; Brown
 
 v.
 
 Town of Louisburg,
 
 126 N. C., 701, 36 S. E., 166;
 
 Horgan
 
 v.
 
 Boston Electric Ry. Co.,
 
 208 Mass., 287, 290, 94 N. E., 386. The reverse is true where a settlement is made with the tort-feasor secondarily liable.
 
 Losito
 
 v.
 
 Kruse, Jr., supra.
 

 The Court of Appeals erred in not giving effect to the legal relationship which existed between the owner and lessees on the one hand and the city of Youngstown on the other by which the city would be entitled to reimbursement in case it was obliged to respond in damages for the wrongful acts of the owner or lessees, or both, in maintaining the trapdoor in the sidewalk. The case of
 
 Adams Express Co.
 
 v.
 
 Beckwith,
 
 100 Ohio. St., 348, 126 N. E., 300, relied upon by the court, is applicable to a situation where there are joint tort-feasors, but is not applicable to a case of concurrent and related tort-feasors wherein settlement is made by the plaintiff with one tort-feasor from whom another is entitled to reimbursement, if the latter is called upon to respond in damages for the same injury. Nor is the case of
 
 Phillips Sheet & Tin Plate Co.
 
 v.
 
 Griffith, Admx.,
 
 98 Ohio St., 73, 76, 120 N. E., 207, cited by the court, applicable to the situation in the instant case In that case, the plaintiff, as administratrix, brought a wrongful death action against the defendant company, claiming that it had wrongfully armed its police officer who shot and killed her decedent during a riot in the city of Steubenville. The defendant, as one of its defenses, set up the fact that the plaintiff, as administratrix, had, prior to the bringing of the., suit in litigation, maintained an action against Jefferson
 
 *199
 
 county under the provisions of Section 6278
 
 et seq.,
 
 General Code, to recover damages for the death of the same decedent, who had been killed in the riot in that county, in which action she recovered a judgment against the county, which had been paid. The defendant claimed that such judgment, so satisfied, was a bar to her suit against it.
 

 This court held that the former judgment, prosecuted under the statutes in question, was not a bar to her common-law action; that the remedy under the statutes was in the nature of a penalty, limited in amount for the benefit of certain specified beneficiaries; and that although Section 6287, General Code, provides for reimbursement to the county from any of the persons composing the mob in case the county is obliged to pay, nevertheless the county and the defendant were each liable on an entirely different state of facts in different causes of action, and that one recovery was not a bar to the other. See, also,
 
 Briner
 
 v.
 
 Scheibel,
 
 154 Tenn., 253, 290 S. W., 5, 50 A. L. R., 1052.
 

 The former action of the plaintiff against the lessees and this action against the city are based upon the same wrongful act for which the plaintiff is entitled to but one satisfaction. In case the city is obliged to respond in damages in this action there exists the right of subrogation and right of reimbursement in favor of the city as against the lessees. For that reason, the settlement by the planitiff with the lessees absolved the city.
 

 It may be suggested that since, in the settlement with the defendant lessees, the plaintiff specifically reserved his right to pursue the city for the balance of his claim, the lessees may still be made to respond to reimbursement for any damages recovered against the city. But the settlement covenant provides that the plaintiff had received the settlement money to his full satisfaction of the lessees and had released them “from all claims, demands, damages, actions and
 
 *200
 
 causes of action whatsoever, and including such as may have arisen by reason of, or in any manner growing out of my [plaintiff’s] said injuries.” And, in addition, the plaintiff agreed not to sue or prosecute any pending action to which the lessees are a party, for or on account of his injuries.
 

 If the plaintiff is entitled now to sue and recover from the, city, the latter, upon payment, would be subrogated to a derivative right from the plaintiff to sue and recover from the lessees, the actual wrongdoers, since the city was not a party to the settlement; and the lessees would then have a right to recover such loss from the plaintiff under his covenant not to sue and his release to them in full satisfaction. The law will not countenance such circuity of action and multiplicity of suits.
 

 Approaching the problem from a different angle, plaintiff’s election to recover from the city for the sole negligent act of the lessees, carries with it the surrender of his right to recover from the lessees as a derivative right in the city to make such recovery. But since the plaintiff has, for a valuable consideration, can-celled and surrendered his right of action against the lessees, he has no right or claim to transfer to the city by way of subrogation in case he should recover from it. Under such circumstances, he is estopped to sue the city.
 

 The city is not ultimately liable for damages resulting from the nuisance actively created by the lessees alone. Assuming the lessees are liable, they are ultimately liable for all such damages, since they were the actual and only wrongdoers. Therefore, the settlement made' by the injured party, the only one entitled to damages, with the lessees, the only actual wrongdoers and the only parties ultimately liable for damages, settled the whole claim.
 

 The law will recognize the settlement between the
 
 *201
 
 plaintiff and the lessees as a defense open to the city in this action brought by the plaintiff against it.
 

 The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Matthias, JJ., concur.