Zimmerman, J.
 

 Were the courts below in error in holding that misjoinders of parties defendant are disclosed by the allegations of the third amended petitions
 
 1
 

 Section 11309, General Code, provides, among other things, that a defendant may demur to a petition where it appears on the face thereof that there is a misjoinder of parties defendant.
 

 This court is firmly committed to the proposition that where one perpetrates a tort and another, by reason of his relationship to the wrongdoer or by operation of law, may be made to respond in damages therefor, a case of primary and secondary liability arises.
 
 Losito
 
 v.
 
 Kruse, Jr.,
 
 136 Ohio St., 183, 24 N. E. (2d), 705, 126 A. L. R., 1194;
 
 Herron
 
 v.
 
 City of Youngstown,
 
 136 Ohio St., 190, 24 N. E. (2d), 708.
 

 In the
 
 Losito case,
 
 it is stated in the opinion:
 

 “* * *
 
 the primary liability, to the extent of full compensation, rests upon the party who actually commits the wrong, while the secondary liability to the same extent * * * rests upon the party who, by reason
 
 *133
 
 of liis relationship to the wrongdoer, is also liable for the wrong committed. In such case there can be no joinder in a single action of the party primarily liable -and the party secondarily liable because there is no joint liability. If they are joined in an action and this relationship appears on the face of the petition it is demurrable for misjoinder of parties defendant.”
 

 From an examination of the petitions herein it is evident that the injuries and death of plaintiff’s decedent were attributable to the direct act, not of the Great Central Transport Corporation, but of the minor employee of H. R. Dallas.
 

 Applying the Ohio rule to such situation, the petitions disclose that Great Central and Dallas are not properly joinable in the same action, primary and secondary liability being present.
 

 But plaintiff contends that Title 49, Section 302, U. S. Code, a part of the Interstate Commerce Act, applies and is controlling of these controversies, and that under such enactment the liability of Great Central is primary, making it and Dallas properly joinable as defendants in the same action.
 

 The pertinent portion of Section 302, above referred to, states in substance that the provisions of the chapter in which that section is found (with one exception not here involved) shall not apply to transportation by motor vehicle by any person (whether as agent or under a contractual arrangement) for an interstate motor carrier, in the performance within terminal areas of transfer or delivery service, but such transportation shall be considered to be performed by such interstate motor carrier as part of, and shall be regulated in the same manner as, the transportation to which such services are incidental.
 

 As we interpret section 302, outlined above, it means simply that an interstate motor carrier cannot re
 
 *134
 
 move itself from interstate commerce and the control thereof by hiring another for transfer or delivery purposes within a terminal area — that it is liable for injury or loss as an interstate carrier within such area and may not escape by shifting responsibility to another motor carrier which it has engaged to transport passengers or property, and which actually does the harm.
 

 We do not conceive that that federal statute purports to affect the procedural question of joinder of parties in an action brought in a state court by one injured in a terminal area through the fault of a local carrier acting for an interstate carrier. .Such injured person at his election would still have the right ,to sue either carrier. Surely, the federal statute does not have the effect of eliminating the local carrier as a responsible actor in the harm done, nor does it merge the interstate carrier and the local carrier into a single entity.
 

 By the allegations of the petitions the minor driver of Dallas ’ motor truck was the employee of Dallas and attributable to him. Great Central had no direct connection with the driver or immediate control over him, and there is nothing to indicate that it was cognizant of the driver’s minority.
 

 Great Central and Dallas were not
 
 in pari delicto
 
 in causing the injuries and death of plaintiff’s decedent, and in this respect the present cases differ from the case of
 
 Wery
 
 v.
 
 Seff,
 
 136 Ohio St., 307, 25 N. E. (2d), 692, relied on by the plaintiff. Here, no joint or combined and concurrent negligence of Great Central and Dallas existed when Murphy was fatally hurt.
 

 In the instant cases, any liability of Great Central would arise solely by operation of law. It in no way contributed to produce Murphy’s injuries .and death. Under such circumstances, if Great Central were required
 
 *135
 
 to answer in damages it conld claim indemnity from Dallas. Compare
 
 Globe Indemnity Co.
 
 v.
 
 Schmitt,
 
 142 Ohio St., 595, 53 N. E. (2d), 790;
 
 Maryland Casualty Co.
 
 v.
 
 Frederick Co.,
 
 142 Ohio St., 605, 53 N. E. (2d), 795.
 

 It is generally recognized that whenever the wrongful act of one person results in the imposition of liability on another, the latter may have indemnity from the former. But, as between tort-feasors whose joint or combined and concurrent negligence produces injury, placing them
 
 in pari delicto
 
 as to each other, contribution or indemnity is not allowed.
 
 Fidelity & Casualty Co.
 
 v.
 
 Federal Express, Inc.
 
 (C. C. A. 6), 136 F. (2d), 35, 40;
 
 Royal Indemnity Co.
 
 v.
 
 Becker,
 
 122 Ohio St., 582, 173 N. E., 194, 75 A. L. R., 1481.
 

 The conclusion is unavoidable that the petitions in the cases before us reveal primary and secondary liability — primary liability on the part of Dallas and secondary liability on the part of Great Central. Plaintiff may maintain his actions against either Dallas or Great Central, but by the decisions of this court he cannot join both as defendants in the same cause.
 

 Being of the opinion that the courts below correctly determined these controversies, the judgments of the Court of Appeals are affirmed.
 

 Júdgments affirmed.
 

 Wbygandt, C. J., Bell, Turnee, Matthias and Hart, JJ., concur.