Hast, J.
Unless otherwise shown by evidence, a sidewalk on a public street is presumed to bo within the limits of the public street and under the control of the municipality or public authority. A municipality has certain duties to the public to maintain such sidewalks in repair and free from nuisance. An abutting owner is not responsibe for the disrepair of a sidewalk in front of his premises unless its condition is brought about by his wrongful conduct.
Ordinarily, the duty to keep streets, including sidewalks, open, in repair and free from nuisance rests upon a municipality and not upon the abutting owners (Wilhelm v. City of Defiance, 58 Ohio St., 56, 50 N. E., 18, 65 Am. St. Rep., 745, 40 L. R. A., 294). Owners of property abutting on a public street are not liable for injuries to pedestrians resulting from defects in such *14 streets unless such defects are created or negligently permitted to exist by such owners for their own private use or benefit, such as an open trap door in a sidewalk (Herron v. City of Youngstown, 136 Ohio St., 190, 24 N. E. [2d], 708).
Was there any evidence to support a finding of positive acts of wrongful conduct on the part of the defendant resulting in the disrepair of the sidewalk? Negligent conduct on the part of an abutting property owner as to the existence of a defective sidewalk in front of his property will not be presumed but must be proven by affirmative evidence. Such evidence must necessarily show that the use of the sidewalk which brought about its disrepair was expressly or impliedly authorized by such owner. Here there was no showing that the truck owner or owners using the sidewalk were or were not employees of the defendant. In the absence of any such proof as to the relationship of the truck owners and the defendant, there was no proof of liability on the part of the defendant, and the trial court properly directed a verdict for it.
The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Taet, Zimmerman, Stewart and Lamneck, JJ., concur.