DIAMOND, APPELLANT, *v.* DAVIS BAKERY, INC., APPELLEE.

(No. 39921—Decided December 21, 1966.)

40

*Mr. Lawrence Landskroner,* for appellant.
*Messrs. Davis & Young* and *Mr. Rees Davis,* for appellee.

HERBERT, J. The parties now before the court are Norman Diamond, hereinafter referred to as appellant, and the Davis Bakery, Inc., hereinafter referred to as appellee, the Warsaw Sausage Company having been dismissed.

The question raised in this action may be stated in this language:

Where, plaintiff, an injured person, brings an action sounding in tort against two parties, the liability of one being primary and the liability of the other being secondary, and plaintiff, for a valuable consideration, though not in full satisfaction of his damages, executes a covenant not to sue the party primarily liable but reserves in said covenant the right to pursue his action against the party secondarily liable, may said covenant not to sue be interposed as a valid defense by the remaining party defendant whose liability is secondary?

The following conclusions drawn from the language of the covenant are not in dispute.

(1) The covenant not to sue is for the exclusive benefit of the appellant and Warsaw Sausage Company.

(2) The consideration paid by Warsaw to the appellant under the terms of the covenant constitutes only partial satisfaction for appellant's injuries and damages.

(3) The covenant reserves to the appellant the full right to proceed against the appellee.

(4) There is no reference to or mention made in respect to subrogation or indemnification in the covenant.

(5) Appellant does not "release" Warsaw Sausage Company from any claim but covenants with said company to "cease and desist from suing or prosecuting" Warsaw for any claim of injuries.

It is our opinion that the disposition of this case is governed by two principles of law, (1) the law of contracts and (2) Section 16, Article I of the Constitution of Ohio.

A covenant not to sue is nothing more or less than a contract and should be so construed. This covenant is consistent with sound public policy. It tends to encourage the settlement of controversies and litigation. Here, Warsaw, for reasons of its own, decided that an agreement with appellant to "cease and desist" from suing it was of some substantial value to the company. It offered appellant $650 to "cease and desist" in the pursuit of his action against it. Warsaw was not interested in securing a release. It desired to be free of vexatious litigation that was probably injurious to its business.

Appellant, on the other hand, realized that $650 was only partial compensation. However he believed that he had recourse upon the appellee to obtain an additional award which would make him whole. The covenant clearly states the intention of the parties in plain and unambiguous language. We find no substantial reason why such intent should not govern.

Wanamaker, J., in *Adams Express Co.* v. *Beckwith*, 100 Ohio St. 348, speaking for a unanimous court, observed, at the foot of page 353 and the top of page 354 in the opinion, that:

"It is an old rule of law that any party charged with a liability, however informally, or threatened with a suit at law, may buy his peace, may settle his own controversy, without waiting for a suit at law or the trial of a suit already begun, and that any such settlement made in good faith would be fully protected and operate as a release to the parties affected, according to its terms.

"Now, where it is charged that two or more persons have

committed a wrong against another, the question arises, may one of these persons buy his peace, settle all claims for damages made against him, solely for his own benefit and his own release, leaving or reserving all questions as to the liability of others for independent and later determination? Why not? What principle of law, of reason or righteousness, what primary element of justice, is violated by such a proceeding, save the dictum of some court?''

At times, in deciding causes in the field of releases, covenants not to sue, primary and secondary liability, partial satisfaction and other similar questions arising by reason of multiple defendants, courts have injected presumptions and other factors and elements in contracts foreign to the intention of the contracting parties and upon such a basis have entered final judgments.

Judge Wanamaker, at page 355, in *Adams Express* continued:

"But courts unfortunately have too often not only disregarded the intention of the parties in such kinds of contracts, but have made new contracts for the parties squarely contrary to what the parties themselves intended.''

At page 357, Judge Wanamaker observed:

"Presumptions must not be indulged to defeat the manifest intention of the parties to the contract. The purpose is to promote such intention where the language of the parties is not clear.''

It should be emphasized that the intention of the parties in the case at bar is expressed in clear and unambiguous language.

The syllabus of *Adams Express* in its entirety reads:

"1. A written release in general and unqualified terms, made and executed upon legal consideration between a party wronged and one or more of the persons charged with the commission of the wrong, is presumed in law to be a release for the benefit of all the wrongdoers.

"2. Such written releases, however, are to be construed according to the well known rules governing the construction of contracts.

"3. Where such written releases *expressly provide that the release is solely and exclusively for the benefit of the parties* thereto, and expressly reserves a right of action as against any other wrongdoer, such reservation is legal and available to the parties thereto.

"4. Such written release, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction, does not inure to the benefit of any other persons than those who are parties to such written release, save and except that it is a satisfaction *pro tanto* to the party wronged and to that extent works a discharge to all joint wrongdoers. (*Ellis* v. *Bitzer*, 2 Ohio 89, disapproved and overruled.)" (Emphasis added.)

The *Adams Express Co. case* was approved and followed in *Bacik, Admr.*, v. *Weaver, Admr.*, 173 Ohio St. 214.

The principle that the determination of the intention of the parties is essential was reaffirmed in the second paragraph of the syllabus of *Sloan* v. *Standard Oil Co.*, 177 Ohio St. 149, which reads:

"Whether the parties to a release actually *intended* to discharge all liability is a question of fact for the trier of the facts." (Emphasis added.)

Prosser, in The Law of Torts (3 Ed.), 272, Chapter 8, states:

"The only desirable rule would seem to be that a plaintiff should never be compelled to surrender his cause of action against any wrongdoer unless he has *intentionally* done so, or unless he has received such full compensation that he is no longer entitled to maintain it. If the statutes are taken into account, this is now the rule actually applied in some two-thirds of the American jurisdictions." (Emphasis added.)

The second principle is found in the Constitution of Ohio which provides that a person wrongfully injured in his person is entitled, in the administration of justice, to full satisfaction without limitation or restriction upon the number of defendants contributing to cause such injury.

Section 16, Article I, in its pertinent part, speaks as follows:

"All courts shall be open, and every person, for an injury done him in his * * * person * * * shall have remedy by due course of law, and shall have justice administered without denial or delay."

Generally, where the plaintiff has a claim against two or more concurrent tort-feasors, a general release of one extinguishes the cause of action and discharges the other alleged tort-feasors; but, where the plaintiff covenants not to sue one concurrent tort-feasor, the cause of action is not extinguished, and the tort-feasors are not discharged. *Bacik, Admr.,* v. *Weaver, Admr., supra.*

The cases of *Herron* v. *City of Youngstown,* 136 Ohio St. 190, and *Hillyer* v. *City of East Cleveland,* 155 Ohio St. 552, may be readily distinguished from the instant cause, in that in both *Herron* and *Hillyer* each of the plaintiffs executed a release to the party primarily liable in full settlement, release and discharge of all claims.

It follows that the covenant not to sue in the case at bar, being a contract not in conflict with public policy, is not a bar to the pending action.

The judgment of the Court of Appeals is, therefore, reversed and the cause remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed.*

MATTHIAS, O'NEILL and SCHNEIDER, JJ., concur.
TAFT, C. J., and BROWN, J., dissent.

TAFT, C. J., dissenting. Where, for a substantial consideration paid to a plaintiff by a party claimed to be primarily liable for such plaintiff's damages, such plaintiff either releases or covenants not to sue such party but expressly reserves all rights to sue a party claimed to be secondarily liable for such damages, the agreement between the parties can reasonably be construed in either of two ways, *i. e.,* as:

(1) Protecting the party, who paid for the release or for

the covenant, against any liability directly or indirectly to the plaintiff; or:

(2) Providing such party only with protection against liability directly to the plaintiff.

If construed in the first way, the agreement will bar any action against the parties secondarily liable. *Herron* v. *City of Youngstown* (1940), 136 Ohio St. 190, 24 N. E. 2d 708.; *Hillyer* v. *City of East Cleveland* (1951), 155 Ohio St. 552, 99 N. E. 2d 772. In such event, the expressed intent of the plaintiff to retain rights against the party secondarily liable is defeated.

On the other hand, if the release or covenant with reservations of rights is construed so as to protect only against liability directly to the plaintiff, the party, who has paid plaintiff for a release or covenant not to sue, may find himself still liable because of successful legal proceedings by the plaintiff against the party secondarily liable and a suit by that party against him for reimbursement or indemnity. However, in such an instance, it can reasonably be argued that the express reservation of rights against the party secondarily liable should have warned the party primarily liable of this potential liability to the party secondarily liable.

Thus, if this were an original question in this court, I might be inclined to concur in the judgment being rendered. However, this court rendered contrary and reasonable decisions in the *Herron* and *Hillyer* cases. I see no reason for disregarding those decisions. I believe it is particularly unfortunate to distinguish them in the artificial and tenuous manner that the majority opinion has. Incidentally, the distinction given seems inconsistent with the reasoning of Wannamaker, J., in *Adams Express Co.* v. *Beckwith*, 100 Ohio St. 348, 352, 126 N. E. 300. In my opinion, the decision in the instant case in effect overrules the *Herron* and *Hillyer* cases.