DICKSON, EXR., ET AL., APPELLANTS, *v.* PANDYA, EXRX.; FROST, APPELLEE.

(No. 1895 — Decided May 23, 1984.)

*R.J. Helmuth,* for appellants.
*F. Emerson Logee* and *Mark Baserman,* for appellee.

GEORGE, J. The plaintiffs-appellants, Robert E. Dickson, executor of Mary Pandya's estate, and John E. Johnson, guardian of Mary's minor children, appeal from the judgment of the trial court granting summary judgment for the defendant-appellee, James R. Frost. This court reverses the judgment of the trial court.

On August 22, 1980, Mary M. Pandya was stabbed to death by Shirish Pandya, Mary's ex-husband, in a Wayne County common pleas courtroom. Shirish committed suicide shortly thereafter. A complaint was filed on behalf of Mary's estate and her children. They sought to recover against Shirish's estate for wrongful death, and against the Sheriff of Wayne County, James R. Frost, for negligence in failing to provide protection in the courthouse.

A settlement was reached with the estate of Shirish Pandya that released the estate from the lawsuit. The trial court found that Shirish was primarily

liable. As such, the court found that the agreement also released Frost. Appellants appeal from the judgment of the trial court granting summary judgment for Frost, raising the following assignment of error:

"The trial court erred in ruling that the release of one person liable in tort discharges another tortfeasor from liability for the same wrongful death when the release is in partial satisfaction of the claims, reserves the right to prosecute the claims against the remaining tortfeasor and agrees to indemnify the released defendant for any claims for contribution."

Generally, a person who becomes subject to tort liability because of the wrongful conduct of another is secondarily liable to the injured party. He is entitled to indemnity from the person who is primarily liable. *Maryland Cas. Co.* v. *Frederick Co.* (1944), 142 Ohio St. 605 [27 O.O. 529]; and *Ostrander* v. *Parker-Fallis* (1972), 29 Ohio St. 2d 72 [58 O.O.2d 117]. Under prior Ohio law, if the injured party reached a settlement with the party primarily liable, that settlement barred him from further recovery against the party secondarily liable. *Herron* v. *Youngstown* (1940), 136 Ohio St. 190 [16 O.O. 188], paragraph three of the syllabus.

However, in *Riley* v. *Cincinnati* (1976), 46 Ohio St. 2d 287 [75 O.O.2d 331], and *Diamond* v. *Davis Bakery* (1966), 8 Ohio St. 2d 38 [37 O.O.2d 383], the Ohio Supreme Court held that a partial settlement with the primary tortfeasor does not bar proceedings against the tortfeasor secondarily liable.

Paragraph one of the syllabus of *Riley* v. *Cincinnati, supra,* states:

"When an injured plaintiff brings a tort action against two tortfeasors, the liability of one being primary and the liability of the other being secondary, and, prior to the trial of the action, plaintiff executes for a valuable consideration a covenant not to sue in favor of the defendant primarily liable, the consideration therefor being only for partial satisfaction of plaintiff's damages, such covenant is not a bar to further proceedings in the pending cause. (*Diamond* v. *Davis Bakery,* 8 Ohio St. 2d 38 [37 O.O.2d 383], approved and followed.)"

This judicial pronouncement was recognized by the Ohio Legislature with the enactment of the Contribution Among Tortfeasors Act in 1976, R.C. 2307.31 and 2307.32.

In the instant case, the settlement contained a covenant not to sue Shirish's estate. But, it also contained the following indemnification provision:

"JOHN E. JOHNSON, as Guardian for ASHA S. PANDYA, ILA S.S. [*sic*] PANDYA and SIMA S. PANDYA hereby agrees to indemnify defendant DEANNA PANDYA Executrix of the estate of SHIRISH PANDYA and save said Executrix harmless against any claim for contribution brought on the part of the defendant JAMES FROST in aforementioned Case No. 81-CI-035 and to reimburse said Executrix for any contribution that said Executrix may have to pay if any litigation arises on account of any claims made by defendant JAMES FROST or anyone on his behalf."

The trial court held that this provision turned the agreement in question into a full settlement of the appellants' claims as in *Herron* v. *Youngstown, supra.* We do not agree.

The overriding consideration in interpreting a release or a covenant not to sue is the intent of the parties. *Beck* v. *Cianchetti* (1982), 1 Ohio St. 3d 231, 234. Here, the agreement clearly demonstrated an intent to preserve the cause of action against Frost. The agreement provided in part:

"It is the intention of JOHN E. JOHNSON, as guardian for ASHA S. PANDYA, ILA S.S. [*sic*] PANDYA and SIMA S. PANDYA, that this document effect a partial settlement of the

aforementioned Case No. 81-CI-035; hence, JOHN E. JOHNSON, hereby settles the aforementioned Case No. 81-CI-035 *only as to* the Defendant DEANNA PANDYA, Executrix of the Estate of SHIRISH PANDYA, and hereby reserves the right to further prosecute Case No. 81-CI-035 against the defendant JAMES FROST, and authorizes his [attorney] of record to cause to be entered upon the journal of said Court a judgment dismissing said Defendant DEANNA PANDYA.

"* * *

"It is the intention of ROBERT E. DICKSON, both as an individual and as Executor of the Estate of MARY PANDYA, that this document effect a partial settlement of the aforementioned Case No. 81-CI-035; hence, ROBERT E. DICKSON, as an individual and as Executor of the estate of MARY PANDYA, hereby settles the aforementioned Case No. 81-CI-035 *only as to* the Defendant DEANNA PANDYA, Executrix of the Estate of SHIRISH PANDYA, and hereby reserves the right to further prosecute Case No. 81-CI-035 against the Defendant JAMES FROST, and authorizes his attorney of record to cause to be entered upon the journal of said court a judgment dismissing said Defendant DEANNA PANDYA." (Emphasis *sic.*)

Further, the effect of an indemnification clause incorporated into a release has been statutorily treated. R.C. 2307.32(F) discharges the tortfeasor who obtained the release from all liability for contribution. That provision provides:

"(F) When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

"(1) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms otherwise provide, but it reduces the claim against the other to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater;

"(2) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

Accordingly, this court orders that the judgment of the trial court be reversed. The case is remanded for proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

MAHONEY, P.J., and QUILLIN, J., concur.