LEON, Admr.,

v.

**PARMA COMMUNITY GENERAL HOSPITAL,**
**Appellant; Berman et al., Appellees.**

[Cite as *Leon v. Parma Community Gen. Hosp.* (2000), 140 Ohio App.3d 95.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77313.

Decided Oct. 23, 2000.

Larry S. Klein and Paul Y. Shapiro, for administrator.

*Warren Rosman* and *John W. Jeffers,* for defendant and third-party plaintiff-appellant, Parma Community General Hospital.

*Sean M. Sweeney* and *Matthew J. Hatchadorian*; and *Irwin R. John,* for third-party defendant-appellee, Dr. Leonard S. Berman.

*David J. Fagnilli,* for third-party defendant-appellee, Parma Radiologic Associates.

---

JOHN T. PATTON, Presiding Judge.

Defendant/third-party plaintiff-appellant, Parma Community General Hospital ("Parma Hospital"), appeals the decision of the Cuyahoga County Common Pleas Court, which granted summary judgment to third-party defendants-appellees, Leonard Berman, M.D. ("Berman") and Parma Radiologic Associates, Inc. ("PRA"). For the reasons that follow, we reverse and remand.

The facts relevant to this appeal are as follows. Aileen Leon had been a patient at Parma Hospital where it was alleged that a CT scan of her head was misread. She ultimately died on December 11, 1992, after suffering an aneurysm. In August 1993, Wayne Leon, as administrator of her estate, brought a wrongful death suit against Berman and the radiologic group to which he belonged, PRA.[1] The parties ultimately settled the suit and the administrator executed a "Covenant Not to Sue and to Cease Suing" in exchange for a payment of $700,000. The covenant-not-to-sue constituted a "full and final consideration of any and all claims or rights or cause of action" against Berman and PRA. It further provided that the execution of the covenant did not intend "to discharge, release, or in any way affect any right, demand, claim or cause of action that [the administrator] may have or [does] have against persons * * * or corporations" other than Berman and PRA. The administrator expressly reserved the right to bring claims against persons or entities other than Berman or PRA.

Thereafter, on November 28, 1994, the administrator brought suit against Parma Hospital[2] in a separate lawsuit, with allegations sounding in vicarious

---

1. The administrator instituted three separate wrongful death suits. The first was filed in August 1993 and was against Berman and PRA (case No. 257164); the second was filed in May 1994 and was against Pedro See, M.D. (case No. 269938); and the third was filed in November 1994 and was against Parma Hospital and Deaconess Hospital (case No. 280842). The three cases were consolidated below but there was no direction as to which case number the parties should use as to future filings. Consequently, motions and other papers were filed with varying case numbers, although primarily in case numbers 257164 and 280842, thereby making it difficult for this court to reconstruct the procedural case history.

2. Deaconess Hospital was also named as a defendant but the administrator eventually voluntarily dismissed his claims against that hospital.

liability under the agency-by-estoppel theory enunciated in *Clark v. Southview Hosp.* (1994), 68 Ohio St.3d 435, 628 N.E.2d 46. In particular, the complaint alleged that Parma Hospital's "failure to comport to the standards of care for physicians and surgeons * * * with respect to the misdiagnosis and careless interpretation of CT Scan films by [Parma Hospital's] agents resulted in [the decedent's] injuries and wrongful death." Included was a claim for negligent credentialing of the attending physician, Pedro See, M.D. Parma Hospital answered and impleaded Berman and PRA in a third-party complaint for indemnity.

On February 16, 1996, the trial court issued findings of fact and conclusions of law on the issue of the effect of the covenant not to sue.[3] Relying on *Riley v. Cincinnati* (1976), 46 Ohio St.2d 287, 75 O.O.2d 331, 348 N.E.2d 135, the court opined:

"Taken in its entirety, it is clear that this covenant not to sue was meant to be just that. It is true that taken out of context some of the wording would indicate a release. However, it is not the job of this Court to take bits and pieces out of this agreement. This Court's job is to find the intent of the parties in entering their agreement by looking at the whole document. After doing so, it is this Court's belief that the agreement was not a release of all parties involved in this claim."

The administrator then dismissed the negligent credentialing claim and settled his claim against Parma Hospital for $400,000. Shortly thereafter, the record reveals that the administrator settled his claim against Dr. See for $100,000. Remaining before the trial court was the third-party indemnification claim of Parma Hospital against Berman and PRA.

Thereafter, new counsel[4] for Berman and PRA each filed separate motions for summary judgment. Relying on *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282, 680 N.E.2d 1046, and *Radcliffe v. Mercy Hosp. Anderson* (May 14, 1997), Hamilton App. Nos. C–960424 and C–960425, unreported, 1997 WL 249436, they argued that the administrator's settlement with the primarily liable parties, Berman and PRA, extinguished Parma Hospital's secondary liability. Consequently, they concluded that the payment by Parma Hospital to settle the

---

**3.** It is not apparent from the record precisely what precipitated the filing of the trial court's findings of fact and conclusions of law. Motions to dismiss and for summary judgment were pending at the time the findings of fact and conclusions of law were rendered, however, and were subsequently denied as moot.

**4.** Berman and PRA, as insureds of PIE Mutual Insurance Company at the time this cause of action arose, were represented earlier in this action by counsel for PIE. Following the stay and subsequent insolvency of PIE, both Berman and PRA were represented by new, separate counsel.

claims of the administrator was gratuitous and not subject to indemnification. PRA alternatively argues that Parma Hospital cannot prevail on a claim for indemnity against it because PRA, as an employer of Berman, cannot be primarily liable and at most can be only secondarily liable.

Parma Hospital opposed the motions, arguing that both *Wells* and *Radcliffe* were inapplicable to the case at bar because they both involved releases as opposed to covenants not to sue and, as such, the covenant not to sue did not preclude the administrator from pursuing its claims against others, including Parma Hospital. Relying on *Riley*, 46 Ohio St.2d 287, 75 O.O.2d 331, 348 N.E.2d 135, Parma Hospital maintained that it acted appropriately in settling its claim with the administrator and then impleading Berman and PRA for indemnification. Parma Hospital further contends that PRA is as primarily liable as Berman under the agency-by-estoppel theory and thus subject to its claim for indemnity. The trial court ultimately granted the motions for summary judgment.

Parma Hospital now appeals and contends in its sole assignment of error that the trial court improvidently granted summary judgment to third-party defendants, Berman and PRA.

At issue in this case is whether the covenant not to sue executed by the administrator had the effect of a release so as to extinguish the secondary liability of Parma Hospital and thereby preclude the latter's indemnification claim against Berman and PRA.

▮ A covenant not to sue is nothing more than a contract and should be construed as such. *Diamond v. Davis Bakery, Inc.* (1966), 8 Ohio St.2d 38, 42, 37 O.O.2d 383, 385; 222 N.E.2d 430, 432. Limited by the language of the contract and the intent of the parties, a covenant not to sue will be upheld as such if it clearly states that (1) the consideration paid was only a partial compensation for the injury sustained; (2) the plaintiff was not "releasing" the other party from any claim, but promised only to "cease and desist" from further prosecution of the present action; and (3) the plaintiff is reserving its rights to pursue other claims. See *Riley*, 46 Ohio St.2d at 295, 75 O.O.2d at 336, 348 N.E.2d at 141. A release, on the other hand, is unqualified and absolute in its terms and gives rise to a rebuttable presumption that the injury has been fully satisfied. *Whitt v. Hutchison* (1975), 43 Ohio St.2d 53, 60, 72 O.O.2d 30, 34–35, 330 N.E.2d 678, 683.

▮ It is well established that a plaintiff may settle a claim for partial satisfaction with one tortfeasor and execute a covenant not to sue. The covenant will not, however, act as a bar to further litigation against another tortfeasor who is also liable even where the suit is brought against a party who is only secondarily liable and who may have a right of indemnity against the party in favor of whom the covenant not to sue was executed. *Whitt*, 43 Ohio St.2d at 60–

61, 72 O.O.2d at 34–35, 330 N.E.2d at 683. A covenant not to sue that does not purport to release a cause of action and does not expressly recognize that the consideration paid thereunder as full satisfaction for the injury will not bar actions against others for causing the injury where the injury has not been fully compensated. *Id.;* see, also, *Mason v. Labig* (June 29, 1989), Greene App. No. 87–CA–91, unreported, at 40–43, 1989 WL 72234.

The facts of this case support that the document executed by the administrator is a covenant not to sue as opposed to a general release. While there does exist language within the document that states that there is a "full and final consideration of any and all claims or rights or cause of action," such finality is between the administrator and Berman and PRA. The document, read in its entirety, expressly states that (1) the payment made to the administrator did not constitute full and complete compensation; (2) it does not release any action against others but only promised to cease suing Berman and PRA; and (3) it reserves the right of the administrator "to sue or otherwise pursue claims against other persons or corporations." Thus, contrary to the arguments advanced by Berman and PRA, the *Wells* and *Radcliffe* cases have no applicability to the facts of this case.

A party is free to bargain for the type of instrument he or she desires as well as for its consideration. Indeed, legal rights and liabilities "may well depend upon the form of instrument chosen, particularly in cases where there is a right of indemnity." *Whitt,* 43 Ohio St.2d at 61, 72 O.O.2d at 34, 330 N.E.2d at 683. An absolute unqualified release in full satisfaction of an injury in such cases gives the party released the protection not otherwise obtained under a covenant not to sue, and these benefits may well be reflected in the consideration given for the release. *Id.*

Here, the administrator chose to execute a covenant not to sue, which Berman and PRA did not oppose. Indeed, there is nothing in the record to suggest that the parties to the covenant not to sue have not acted in accordance with that document. Consequently, the covenant not to sue does not operate to preclude the administrator from suing Parma Hospital and, in turn, does not preclude Parma Hospital's third-party complaint for indemnification.

PRA's alternative argument is likewise without merit. Relying on *Albers v. Great Cent. Transp. Corp.* (1945), 145 Ohio St. 129, 30 O.O. 334, 60 N.E.2d 669, and *Am. Ins. Group v. McCowin* (1966), 7 Ohio App.2d 62, 36 O.O.2d 153, 218 N.E.2d 746, PRA argues that there can be no claim for indemnity against it because, as an employer of Berman, it cannot be primarily liable for the alleged negligence of its employee. We find that these cases are not dispositive of this

issue and cannot serve as a basis for granting judgment in its favor as a matter of law.

Summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1976), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. See, also, Civ.R. 56(C).

In this case, the administrator executed a covenant not to sue as opposed to a general release. As such, the administrator was not precluded from pursuing his claims against Parma Hospital, which likewise was not precluded from impleading Berman and PRA for indemnity. Consequently, Berman and PRA are not entitled to judgment in their favor as a matter of law and it was, therefore, error for the trial court to have granted their respective motions for summary judgment.

Accordingly, Parma Hospital's assignment of error is well taken and is sustained.

The judgment of the trial court is reversed, and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

MICHAEL J. CORRIGAN and PATRICIA A. BLACKMON, JJ., concur.