OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Dale Ramminger, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendants-appellees, the Archdiocese of Cincinnati, Archbishop Daniel Pilarczyk (collectively, "the Archdiocese"), and Raymond E. Larger, in a suit alleging sexual assault.
 RAMMINGER'S ALLEGATIONS {¶ 2} In 2004, Ramminger made a claim under the Archdiocese's Claim Resolution Fund for Victims of Sexual Abuse. The basis of the claim was that Larger had sexually abused him in the years 1995 through 1997, when Ramminger was a minor and Larger was a priest employed by the Archdiocese.
 {¶ 3} The Claim Resolution Fund was established under a settlement agreement between the Archdiocese and the Hamilton County Prosecuting Attorney. An independent tribunal was to review claims made against the fund and to determine who was entitled to compensation.
 {¶ 4} In making his claim against the fund, Ramminger signed a form indicating that he was giving up all rights he had "to pursue any other legal action against the Archdiocese of Cincinnati arising from my abuse. * * * I give up my right to have a jury or court determine whether or what amount I am entitled to be compensated for my sexual abuse claim."
 {¶ 5} In 2006, Ramminger filed suit based upon the sexual abuse and the Archdiocese's allegedly wrongful concealment of the abuse perpetrated by Larger and other priests. *Page 3 
 {¶ 6} During the pendency of Ramminger's lawsuit, the Supreme Court of Ohio issued its decision in Doe v. Archdiocese of Cincinnati.[1] As a result of that decision, Ramminger conceded that the only remaining cause of action was his claim under Ohio's corrupt-activity act, R.C.2923.31 through 2923.36.
 {¶ 7} Larger and the Archdiocese filed motions for summary judgment. The trial court granted the motions, holding that Ramminger had released all claims, that the claims were time-barred, and that Ramminger had failed to establish a violation of the corrupt-activity act.
 THE COVENANT NOT TO SUE AND RAMMINGER'S SUIT {¶ 8} In three assignments of error, Ramminger now argues that the trial court erred in entering summary judgment.
 {¶ 9} Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[2] This court reviews the granting of summary judgment de novo.[3]
 {¶ 10} In the first assignment of error, Ramminger argues that the trial court erred in holding that the claim form executed in conjunction with the Claim Resolution Fund extinguished his claims. While conceding that he had executed the release, Ramminger argues that the release was not valid for a number of reasons. *Page 4 
 {¶ 11} A covenant not to sue is a contract governed by the same principles applicable to other contracts, and it must meet all requirements for a valid contract, including that of consideration.[4]
 {¶ 12} Ramminger first argues that there was no consideration for the release or that there was a failure of consideration. We disagree. In exchange for relinquishing his right to sue, Ramminger was accorded the right to have his claims reviewed in an expedited fashion by an independent tribunal and to recover from a discrete fund if his claims were found to be valid. The fact that the tribunal apparently determined that his claims were unfounded did not establish a lack of — or a failure of — consideration.
 {¶ 13} Moreover, we find no merit in Ramminger's argument that he had unknowingly or involuntarily relinquished his right to file suit. The record contains Ramminger's sworn testimony that he had appreciated the import of the claim form and that he had willingly executed it. He specifically acknowledged his awareness that the release did not guarantee recovery from the fund.
 {¶ 14} And though Ramminger alleges that the creation of the settlement tribunal and the procedures adopted by the tribunal were merely "a farce" perpetrated to shield the Archdiocese from liability, he apparently bases this assertion only on the tribunal's denial of his claim. Finding no evidence in the record to support Ramminger's claim of fraud, mistake, or other defects in the formation or performance of the contract, we hold that the trial court properly granted summary judgment in favor of the Archdiocese on the basis of the claim form that Ramminger had executed. *Page 5 
 {¶ 15} But Ramminger further argues that even if the covenant not to sue was valid with respect to the Archdiocese, it did not contemplate the release of claims against Larger. Ramminger emphasizes that Larger was not mentioned in the claim form, and he argues that Larger was not a third-party beneficiary of the covenant not to sue.
 {¶ 16} Only a party to a contract or an intended third-party beneficiary may claim rights under a contract.[5] For a person to be considered an intended third-party beneficiary, the contract must have been entered into directly or primarily for the benefit of that person.[6]
 {¶ 17} In this case, the claim form did not specifically indicate that the release of claims against the Archdiocese would also result in the relinquishment of Ramminger's rights against individual priests. Moreover, the fund as created in the settlement between the Archdiocese and the prosecutor was apparently intended to compensate victims of the Archdiocese itself and not victims of the individuals, as the agreement shielded only the Archdiocese from further criminal prosecution. Thus, there were issues of fact about whether the claim form executed by Ramminger extended to the claims against Larger. But this did not give rise to prejudicial error for the reasons given in our disposition of the third assignment of error. We therefore overrule the first assignment of error.
 OHIO'S CORRUPT-ACTIVITY ACT {¶ 18} Our disposition of the third assignment of error renders moot any error with respect to the release of the claims against Larger. In the third *Page 6 
assignment, Ramminger argues that the trial court erred in holding that he had failed to allege sufficient facts to state a claim under the corrupt-activity act.
 {¶ 19} We find no error in the conclusion that there were no genuine issues of fact concerning the statutory claim. Although the trial court held that Ramminger had failed to allege the required multiple predicate acts by the Archdiocese and Larger under R.C. 2923.32, we affirm the trial court's entry of summary judgment on different grounds.[7]
 {¶ 20} For civil liability to attach under R.C. 2923.34, the plaintiff must demonstrate the existence of an "enterprise" that has engaged in a pattern of corrupt activity.[8] In construing the term "enterprise," courts have held that the plaintiff must establish a "structure, continuity, and separate existence from the corrupt pattern."[9]
 {¶ 21} In the context of sexual-abuse cases, the Eighth Appellate District has held that where the plaintiff pleads only that an archdiocese has engaged in a scheme to conceal abuse, the allegations are insufficient to demonstrate "an enterprise as a separate entity from the alleged corrupt activity" because "[e]ach allegation represents sameness in activity and structure."[10] That holding is in accordance with the general rule that an "enterprise" cannot be composed solely of a corporate entity and its employees.[11]
 {¶ 22} In this case, Ramminger alleged that the Archdiocese had conspired with its priests to conceal the alleged abuse. Ramminger thus failed to demonstrate that there was a separate entity from the alleged corrupt activity, because the only *Page 7 
identifiable actors were the Archdiocese and the individual priests. Accordingly, as a matter of law, liability could not have attached under the corrupt-activity act.
 {¶ 23} And because the cause of action under the statute was the sole remaining claim, summary judgment was properly entered in favor of both the Archdiocese and Larger. We overrule the third assignment of error.
 CONCLUSION {¶ 24} In the second assignment of error, Ramminger argues that the trial court applied the incorrect limitations period to his claims. Having held that summary judgment was proper on other grounds, we find this assignment to be moot, and we need not address it on its merits.
 {¶ 25} We affirm the judgment of the trial court.
Judgment affirmed.
SUNDERMANN and DlNKELACKER, JJ., concur.
[1] 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, motion for reconsideration denied, 110 Ohio St.3d 1444, 2006-Ohio-3862,852 N.E.2d 191.
[2] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[3] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6.
[4] See, e.g., Diamond v. Davis Bakery (1966), 8 Ohio St.2d 38, 42,222 N.E.2d 430.
[5] Sony Elecs. v. Grass Valley Group, 1st Dist. Nos. C-010133 and C-010423, 2002-Ohio-1614.
[6] Id.
[7] See, generally, Hall v. Gill (1995), 108 Ohio App.3d 196, 206-207,670 N.E.2d 503 (appellate court may affirm summary judgment on different grounds from those stated by trial court).
[8] See R.C. 2923.32(A) and 2923.21(C).
[9] Herakovac v. Catholic Diocese of Cleveland, 8[th] Dist. No. 85467, 2005-Ohio-5985, at ¶ 24.
[10] Id. at 26.
[11] U.S. Demolition and Contracting v. O'Rourke Constr. (1994),94 Ohio App.3d 75, 85, 640 N.E.2d 235. See, also, Fitzgerald v. ChryslerCorp. (C.A.7, 1997), 116 F.3d 225. *Page 1