MATHIS et al., Appellants,

v.

ST. ALEXIS HOSPITAL et al., Appellees.

[Cite as *Mathis v. St. Alexis Hosp.* (1994), 99 Ohio App.3d 159.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 67241 and 67242.

Decided Dec. 5, 1994.

*Spangenberg, Shibley, Traci, Lancione & Liber,* Peter J. Brodhead and *Cathleen M. Bolek,* for appellants.

*Gallagher, Sharp, Fulton & Norman,* Todd M. Haemmerle and *William A. Viscomi,* for appellee St. Alexis Hospital.

*Jacobson, Maynard, Tuschman & Kalur,* Linda A. Epstein, Steven J. Hupp and *John V. Jackson II,* for appellees F.A. Greicius, M.D. & Associates, Keyhan M. Mobasseri, M.D., and Joseph Smith, D.O.

NAHRA, Chief Justice.

In this consolidated appeal, Rodney D. Mathis, as administrator of the estate of Mary Mathis et al., plaintiffs-appellants, challenge the trial court's grant of summary judgment in a wrongful death action filed in connection with the death of Mary Mathis. Rodney Mathis filed a wrongful death action against St. Alexis Hospital and several of its physicians, including Keyhan Mobasseri, M.D., defendants-appellees. Mathis also filed a medical malpractice action against Mobasseri. The two cases were consolidated by the trial court. Because of a previously executed covenant not to sue, the trial court granted summary judgment in the wrongful death action against all defendants except Mobasseri, who was not a party to the covenant not to sue. Although Mathis filed two notices of appeal, his assigned error pertains only to the grant of summary judgment in the wrongful death action. All claims against Mobasseri remained

pending and are not part of this appeal. Mathis assigns the following error for review:

"The trial court erred in granting summary judgment to defendants-appellees, finding that plaintiffs-appellants' promise not to sue defendants-appellees, for which promise plaintiffs-appellants received no benefit and defendants-appellees incurred no detriment, was an enforceable contract supported by adequate consideration."

After reviewing the record and the arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.

On June 6, 1990, Mary Mathis died of a ruptured aortic dissection at St. Alexis Hospital. She had been admitted to the emergency room the previous day after complaining of acute abdominal pain and paralysis of her legs.

On May 29, 1991, Mary Mathis' son and daughter, Rodney and Donna (hereinafter referred to as "Mathis"), filed a wrongful death action against St. Alexis Hospital and several of the physicians who treated Mary Mathis. Several weeks before trial, an expert consulted by Mathis notified the trial court and Mathis' counsel that, in his opinion, Mary Mathis' death was not proximately caused by the negligence of the physicians. Shortly thereafter, Mathis voluntarily dismissed the wrongful death action.

On October 1, 1992, Mathis and St. Alexis Hospital entered into a covenant not to sue. The agreement was signed by Rodney and Donna Mathis, as well as their attorney J. Norman Stark. Mathis agreed not to pursue any claims against St. Alexis or its employees arising from the medical care of Mary Mathis. St. Alexis agreed not to seek attorney fees and costs incurred in the defense of the voluntarily dismissed wrongful death action. The covenant not to sue contained the following language:

"NOW, THEREFORE, in consideration of the forbearance of St. Alexis Hospital Medical Center not seeking attorney fees and costs which have been expended in defending this action, namely Rodney D. Mathis, etc., Plaintiff v. St. Alexis Association, Inc., et al., Defendants, Cuyahoga County Common Pleas Court, Case No. 211807, which is hereby acknowledged, these parties, Mathis, through the covenant herein recited shall cease and desist from suing or pursuing any claims against St. Alexis Hospital Medical Center herein, arising from the medical care and treatment afforded to Mary J. Mathis, Deceased, by St. Alexis Hospital Medical Center, including its employees, nurses and house physicians, and this agreement and settlement covers and encompasses all such medical care and treatment rendered by St. Alexis Hospital Medical Center without restriction as to time and place."

On September 22, 1993, Mathis filed a medical malpractice action against Dr. Keyhan Mobasseri in connection with Mary Mathis' death. Mathis sought $25,000 in damages. On September 24, 1993, Mathis filed a wrongful death action against St. Alexis Hospital, Dr. Keyhan Mobasseri, Joseph Smith, D.O., and F.A. Greicius, M.D. & Associates, Inc. Mathis sought two million dollars in damages. In his complaint, Mathis asked the court to rescind the covenant not to sue. Mathis argued that, since St. Alexis was not entitled to recover attorney fees and costs from Mathis in connection with the prior action, there was no consideration for the covenant not to sue.

On November 30, 1993, Mathis filed a motion for partial summary judgment in the wrongful death action. Mathis asked the court to find that the covenants not to sue were invalid for lack of consideration. Mathis argued that since St. Alexis had no right to recover sanctions against Mathis in connection with the previously dismissed action, St. Alexis' promise not to seek sanctions was not sufficient consideration for Mathis' promise not to sue.

On December 30, 1993, St. Alexis responded to Mathis' summary judgment and filed its own motion seeking summary judgment. St. Alexis claimed there was consideration for the covenant not to sue and that it should be upheld. Citing R.C. 2323.51, St. Alexis argued that an award of attorney fees may be made against a party, his counsel, or both. St. Alexis claimed Mathis engaged in frivolous conduct in the prior case by pursuing the earlier case without any expert medical testimony indicating that negligence by the defendants proximately caused Mary Mathis' death. Consequently, St. Alexis claimed, it had a reasonable belief in the validity of its claim for sanctions for frivolous conduct.

On December 6, 1993, the wrongful death case and the medical malpractice case were consolidated. On April 8, 1994, the trial court granted summary judgment for the defendants. The journal entry was amended *nunc pro tunc* to specify that summary judgment was granted in favor of defendants Smith, Greicius & Associates, and St. Alexis Hospital. Although the action remained as against Mobasseri, the court ruled there was no just cause for delay. This appeal followed.

Mathis assigns error in the trial court's grant of summary judgment in favor of St. Alexis. In order to grant St. Alexis' motion for summary judgment, the trial court had to find that the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts, and written stipulations of facts demonstrated no genuine issue of material fact and that St. Alexis was entitled to judgment as a matter of law. Civ.R. 56(C). When evaluating St. Alexis' motion for summary judgment, the trial court had to construe the evidence most strongly in favor of Mathis. *Id.* In order to defeat summary judgment, Mathis could not rest on the pleadings, but had to produce evidence on any issue for which the

plaintiffs would bear the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099. Once St. Alexis raised the issue of the covenant not to sue, Mathis had to go forward with evidence that the covenant not to sue was non-binding or otherwise inapplicable.

Mathis argued that the covenant not to sue was unsupported by sufficient consideration and was, consequently, non-binding. However, St. Alexis argued that the consideration for the covenant not to sue was St. Alexis' agreement not to file a motion for attorney fees incurred in the defense of Mathis' previously dismissed action.

A covenant not to sue is governed by the same principles as a contract and must meet all requirements for a valid contract, including consideration. See *Diamond v. Davis Bakery, Inc.* (1966), 8 Ohio St.2d 38, 42, 37 O.O.2d 383, 385, 222 N.E.2d 430, 432–433; *Brads v. First Baptist Church of Germantown, Ohio* (1993), 89 Ohio App.3d 328, 336, 624 N.E.2d 737, 743. A promise not to prosecute a valid claim may be valuable consideration, where the promisor has the right to sue on the claim and the claim is valid. *Schloss v. McGinness* (1984), 16 Ohio App.3d 96, 97, 16 OBR 101, 102–103, 474 N.E.2d 666, 667–668.

Mathis argued that St. Alexis did not have a valid claim for sanctions against the plaintiffs. Mathis argued that any sanctions award should have been against Mathis' attorney. Mathis argued that since St. Alexis had no claim against Mathis, St. Alexis' promise to forbear prosecution of its claim was not sufficient consideration for Mathis' promise not to sue St. Alexis for medical negligence.

St. Alexis' proposed claim for sanctions was under Civ.R. 11 and R.C. 2323.51. Civ.R. 11 provides, in pertinent part:

" * * * The signature of any attorney or *pro se* party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For willful violation of this rule an attorney or *pro se* party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule."

R.C. 2323.51 provides:

"(B)(1) * * * [A]t any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. * * * (4) An award of reasonable attorney's fees pursuant to division (B)(1) of this section may be made against a party, his counsel of record, or both."

■ According to these sections, sanctions could have been awarded against Mathis. Mathis argued that St. Alexis has not shown that Mathis engaged in any frivolous conduct. However, we must note that the standard for evaluating the validity of the forborne claim is a subjective one. *Church of Bible Understanding v. Bill Swad Leasing* (1981), 2 Ohio App.3d 382, 385, 2 OBR 455, 458–459, 442 N.E.2d 78, 81–82. A promise to forbear pursuit of a legal claim can be sufficient consideration to support a contract when the promisor has a good faith belief in the validity of the claim. See *Schloss v. McGinness,* 16 Ohio App.3d at 97, 16 OBR at 102–103, 474 N.E.2d at 667–668.

"The modern trend of authority is to move still further away from an objective view of the actual validity of the surrendered claim and to focus primarily on whether the claimant's subjective belief in its legitimacy is honest and sincere; the only remnants of an objective standard are that the asserted claim must not be 'frivolous, vexatious, or unlawful' and that asserted good faith belief 'would affront the intelligence of ordinary and reasonable layman.' Compared to the first cases on the subject, the most recent ones clearly require *a minimal degree of objective certainty* in the existent validity of the surrendered claim." (Emphasis added.) *Church of Bible Understanding,* 2 Ohio App.3d at 385, 2 OBR at 458, 442 N.E.2d at 81.

■ We find that St. Alexis sufficiently asserted a good faith belief in the validity of its sanctions claim. In its motion for summary judgment and brief in opposition to Mathis' motion for summary judgment, St. Alexis asserted that its belief in the validity of its sanctions claim was based on Mathis' complete failure to produce any expert testimony on the issue of proximate cause. The only expert testimony presented on the issue indicated that St. Alexis' actions did *not* proximately cause Mary Mathis' death. St. Alexis' belief in the validity of its sanctions claim was reasonable in light of R.C. 2323.51, which authorizes sanctions against a party as well as his attorney for frivolous conduct, and in light of *Dictaphone Corp. v. E. Cleveland* (June 4, 1992), Cuyahoga App. No. 60616, 1992 WL 126014, unreported, where sanctions were upheld against the party and its attorney, even though it was only the attorney who engaged in frivolous conduct. It is not necessary to find that St. Alexis would have prevailed had it filed a motion for sanctions, but only that such a motion would not, in itself, be "frivolous, vexatious or unlawful."

Because St. Alexis went forward with sufficient evidence of a valid covenant not to sue, and Mathis failed to raise any triable issues with respect to its validity, the trial court properly granted summary judgment for St. Alexis.

*Judgment affirmed.*

JAMES D. SWEENEY and WEAVER, JJ., concur.