JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, the Ohio Insurance Guaranty Association, appeals the grant of a summary judgment motion in favor of Joshua Klaue relative to an action filed in response to an industrial accident which occurred on October 10, 1999. Upon our review of the record and arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} On October 10, 1999, Joshua Klaue was employed by Handle-It at its Mentor, Ohio warehouse. Klaue was driving a forklift when he collided with another forklift being driven by his coworker, Elmer Sinclair, at a "T" intersection inside the warehouse. The force of the impact caused Klaue's forklift to lift up and hit the floor, which resulted in Klaue's foot being struck by the forklift "cage." Klaue suffered significant injuries, including multiple fractures of his foot and ankle.
 {¶ 3} Klaue subsequently filed a complaint against Handle-It alleging intentional tort claims. Klaue voluntarily dismissed that lawsuit in 2000. He then filed another suit alleging breach of contract and bad faith claims relative to the uninsured motorist ("UM") coverage available through Handle-It's insurer, Reliance Insurance Company ("Reliance"), on December 13, 2000. Klaue sought punitive damages and legal fees in addition to the damages alleged in that complaint.
 {¶ 4} An agreement was reached during settlement discussions between the parties that Reliance would recognize UM coverage in exchange for dismissal of the bad faith complaint, but that issues of liability and damages were still to be determined. This agreement was memorialized in a letter from Reliance insurance adjuster Joyce Babers-Metcalf to Craig Bashien, counsel for Klaue. Klaue filed a voluntary dismissal of the suit on February 1, 2001.
 {¶ 5} On October 3, 2001, Reliance was placed into liquidation, and the Ohio Insurance Guaranty Association ("OIGA") assumed the handling of Reliance's outstanding claims.[1] Klaue again filed suit on October 15, 2001 alleging breach of contract and requesting a declaratory judgment regarding the UM policy; the bad faith claim was not refiled. In his complaint, Klaue alleged that the Babers-Metcalf letter and the February 1, 2001 dismissal of the earlier suit provided the basis for the breach of contract claim and that Klaue's injury should be covered under the UM policy. OIGA filed its amended answer on September 13, 2002, which averred that Klaue caused his own injuries and that the settlement agreement was not supported by adequate consideration.
 {¶ 6} After discovery, OIGA filed a motion for summary judgment on July 29, 2002. There, OIGA argued that no UM coverage was available through the original Reliance policy. Klaue filed his response to OIGA's motion and a cross-motion for summary judgment on October 4, 2002. Both motions were denied on November 25, 2002, and trial was set for May 6, 2003. On April 14, 2003, OIGA renewed its motion for summary judgment, and Klaue did the same on April 17, 2003 in response to a pretrial request from the trial court for briefs on the outstanding legal issues in the case. On May 8, 2003, the trial court denied OIGA's motion and granted Klaue's cross motion, with the following order:
 {¶ 7} "Defendant's Renewed Motion for Summary Judgment, Filed 4/14/03 is denied. Plaintiff's motion for summary judgment, filed 4/17/03 is granted. The court finds that the parties entered into a binding agreement that the defendant would provide coverage and the plaintiff would refrain from pursuing a bad faith and/or breach of fiduciary claim. The plaintiff has abided by that agreement by not pursuing said claims. The promise to forbear the pursuit of a legal claim is sufficient consideration to support a contract. Mathis v. St. Alexis Hosp. Assoc.
(1994), 99 Ohio App.3d 159, 164. In this instance a binding contractual agreement was entered into between the parties and the defendant must honor that agreement. The defendant may not avoid this agreement between the parties pursuant to R.C. 3955.19. In this instance, we are discussing a contract between the parties and not a default judgment or stipulation. The plaintiff has honored his end of the contract to his detriment and the defendant cannot avoid that under R.C.3955.19. R.C. 3955.19 is limited to `judgments, orders, decisions, verdicts, or findings.' It was never intended to allow one party to avoid its obligations under a protected agreement."
 {¶ 8} The parties then agreed to stipulate to the amount of damages suffered by Klaue, and a final judgment for Klaue was entered on May 3, 2004. OIGA now appeals with five assignments of error.
 {¶ 9} "I. The lower court erred in basing its summary judgment decision on attorney bashein's affidavit and in failing to grant oiga's motion to strike that affidavit.
 {¶ 10} "II. The lower court erred in determining the Klaue-Reliance agreement was supported by adequate consideration because the Klaue-Reliance agreement was illusory.
 {¶ 11} "III. The lower court erred in not vacating the Klaue-Reliance agreement in light of R.C. 3955.19.
 {¶ 12} "IV. The lower court erred in finding there was um coverage for klaue because um coverage for this accident is precluded by reasons of the immunity provisions of [R.C.] 3937.18.
 {¶ 13} "V. The lower court erred in finding there was um coverage; forklifts are not motor vehicles; therefore, um coverage is not statutorily mandated and reliance's exclusion is Appropriate."
 Summary Judgment {¶ 14} This court reviews the lower court's granting of summary judgment de novo; we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Baiko v. Mays (2000), 140 Ohio App.3d 1, 746 N.E.2d 618;Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. The party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 15} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 Parol Evidence Rule {¶ 16} Appellant's first three assignments of error pertain to the settlement agreement reached between Klaue and Reliance relative to the February 1, 2001 voluntary dismissal without prejudice of the bad-faith lawsuit. The trial court determined that a contract was made between Klaue and Reliance and that Klaue abided by his end of the agreement with the voluntary dismissal.
 {¶ 17} Appellant first argues, however, that the contract at issue was a written agreement, formed by the Babers-Metcalf letter and the dismissal entry, which would preclude the admission of any additional evidence as to the substance of the agreement (i.e. counsel's affidavit attached to the cross-motion for summary judgment). A letter which memorializes the details of a contract made orally does not convert the contract into a written one. Source Tech v. Turmatic Sys. (Aug. 13, 2003), Cuyahoga App. No. 82276, at ¶ 25, 2003-Ohio-4350. The letter at issue confirms that it was meant to "supplement the numerous phone messages we have left each other," ostensibly on the topic of the agreement in question. The letter also requests that Klaue dismiss the suit; it does not outline the specifics of the agreement between the parties. Therefore, we cannot find that, even taken together, the Babers-Metcalf letter and the voluntary dismissal entry form a written contract.
 {¶ 18} "The parol evidence rule states that `absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.' 11 Williston on Contracts (4 Ed. 1999) 569-570, Section 33:4. Despite its name, the parol evidence rule is not a rule of evidence, nor is it a rule of interpretation or construction." Galmish v. Cicchini, (2000)90 Ohio St.3d 22, 27, citing Charles A. Burton, Inc. v. Durkee (1952),158 Ohio St. 313, 324, 49 Ohio Op. 174, 179, 109 N.E.2d 265, 270. Because the agreement between the parties was an oral agreement, the parol evidence rule does not apply. There is clear evidence, however, that an oral agreement was reached, and that it was meant by the parties to be binding.
 Attorney Affidavit {¶ 19} Appellant further argues that, even if the parol evidence rule does not apply, the trial court erred in admitting the affidavit of Klaue's counsel, Craig Bashien. Because the roles of advocate and witness are inconsistent, it is generally inappropriate for a trial attorney to testify on behalf of the client. Mentor Lagoons, Inc. v. Rubin (1987),31 Ohio St.3d 256, 257, 510 N.E.2d 379; DR 5-102(A); 155 N. High v.Cincinnati Ins. Co., (1995) 72 Ohio St.3d 423. However, in the instant case, there was significant dispute relative to the impetus behind the settlement agreement in question. "In the event that a factual dispute arises concerning the existence or the terms of a settlement agreement * * * Ohio courts have held that an evidentiary hearing is required in order to determine the nature of the purported settlement. Palmer v.Kaiser Found. Health (1991), 64 Ohio App.3d 140, 580 N.E.2d 849."Gatlin v. Bonnerville Dev., Cuyahoga App. No. 80212, 2002-Ohio-7223, ¶ 25. It therefore follows that attorneys in such a dispute would be allowed to divulge to the court what their understanding of the terms of the settlement agreement were.
 {¶ 20} A trial court's decision to grant or overrule a motion to strike is within its sound discretion and will not be overturned on appeal absent a showing of abuse of discretion. Riley v. Langer (1994),95 Ohio App.3d 151, 157, 642 N.E.2d 1. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994),71 Ohio St.3d 466, 470, 644 N.E.2d 331; State v. Moreland (1990),50 Ohio St.3d 58, 61, 552 N.E.2d 894; State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144. In order to find an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. Moreover, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe I (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181; Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 * * *.
 {¶ 21} Because the agreement is evident from the Babers-Metcalf letter and dismissal entry alone, and because both parties were given ample opportunity to present to the trial court the specifics of the settlement agreement in question, we cannot find that the trial court abused its discretion in considering the affidavit of an attorney in this case. For the above stated reasons, appellant's first assignment of error is overruled.
 Contract Formation {¶ 22} Appellant next argues that the contract formed by the parties was illusory and, thus, unenforceable. A contract is illusory only when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory. Century 21 v.McIntyre (1980), 68 Ohio App.2d 126, 22 Ohio Op.3d 141, 427 N.E.2d 534, syllabus, citing 1 Williston on Contracts (3 Ed. 1957) 140, Section 43.
 {¶ 23} In exchange for coverage under the Reliance policy, Klaue agreed to dismiss the bad faith claim filed against Reliance. No specification as to a dismissal with or without prejudice was made in the letter; the voluntary dismissal was filed without prejudice and was signed by both parties. The trial court was correct in relying on Mathisv. St. Alexis Hosp. Assn. (1994) 99 Ohio App.3d 159, 163,650 N.E.2d 141, 143, which holds that a promise to forbear pursuit of a legal claim can be sufficient consideration to support a contract when the promisor has a good faith belief in the validity of the claim. See,also, Druso v. Bank One of Columbus (1997), 124 Ohio App.3d 125,705 N.E. 2d 717.
 {¶ 24} Appellant's argument that Klaue's promise was illusory because he retained the right to sue when the dismissal of the bad faith claim was entered without prejudice is incorrect given the holdings in St.Alexis and Druso; if that were the case, plaintiffs, who had not yet filed a lawsuit, could never enter a valid settlement agreement where a promise not to sue is made. Therefore, appellant's second assignment of error is overruled.
 Contract and R.C. 3955.19 {¶ 25} In its third assignment of error, appellant claims that R.C.3955.19 renders any contract formed by the Babers-Metcalf letter and the dismissal entry voidable. The trial court found that R.C. 3955.19 does not apply because the parties had entered into a valid contract. R.C.3955.19 states:
 {¶ 26} "§ 3955.19. Stay of pending causes of action; vacation of adjudicated claims.
 {¶ 27} "To permit a proper defense by the Ohio insurance guaranty association of all pending causes of action, all proceedings in which an insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months, and such additional time thereafter as may be determined by the court in which the proceedings are pending or with jurisdiction over the proceedings, from the date the insolvency is determined or an ancillary proceeding is instituted in this state, whichever is later.
 {¶ 28} "As to any covered claims arising from any judgment, order, decision, verdict, or finding based on a default or stipulation of the insolvent insurer or its insured, the association, either on its own behalf or on behalf of the insured, may apply to the court to have its judgment, order, decision, verdict, or finding vacated. The court shall grant the application, and the association shall be permitted to defend the claim on the merits."
 {¶ 29} The parties' contract is a settlement agreement and cannot be considered a "judgment, order, decision, verdict or finding" as contemplated by the statute. See, also, State of Ohio ex rel. OhioHospital Insurance Company v. Callahan (1998), Summit App. No. 19090. Therefore, R.C. 3955.19 is inapplicable and the third assignment of error is hereby overruled.
 Immunity and Exclusions {¶ 30} Because we have determined that the parties entered into a valid settlement agreement where the insurer would provide coverage in exchange for Klaue's promise not to pursue the bad faith claim, it is unnecessary to reach the merits of assignments of error IV and V. It is axiomatic that parties may bargain for any benefit of value to them, barring illegality or injury to the public interest. See King v. King
(1900) 63 Ohio St. 363; 59 N.E. 111. Therefore, appellant's defenses, however meritorious, would be waived when it agreed to provide coverage, even if it was not legally obligated to do so.
 {¶ 31} Appellant has offered no legal authority which would indicate that the insurer was somehow precluded from offering UM coverage to Klaue even if there existed valid defenses to its provision. Klaue performed his end of the contract by dismissing his bad faith lawsuit, and "one party cannot receive the benefits which are embraced in total performance of a contract made with it by another party and then set up the invalidity of the transaction as a defense." London Lancashire Indem.Co. v. Fairbanks Steam Shovel Co. (1925), 112 Ohio St. 136, 146,147 N.E. 329. Accordingly, we hereby overrule appellant's fourth and fifth assignments of error.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., concurs;
 Karpinski, J., concurs (with separate concurring opinion).
[1] OIGA was substituted as a party for Reliance pursuant to a Notice of Substitution filed on February 27, 2002.
 CONCURRING OPINION