DECISION
{¶ 1} Plaintiff-appellant, Michael L. Callander ("appellant"), filed a motion for reconsideration pursuant to App. R. 26, requesting that this court reconsider its opinion rendered on May 13, 2008, which affirmed the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Ronald A. Callander, Sr., Callander and Sons, Inc., and Callander Management, LLC (collectively "appellees"). Callander v. Callander, Franklin App. No. 07AP-746, 2008-Ohio-2305. Appellant also filed a motion to certify an alleged conflict to the Supreme Court of Ohio *Page 2 
pursuant to App. R. 25(A). Appellees have filed memoranda in opposition to both motions.
 {¶ 2} The test generally applied in reviewing a motion for reconsideration is whether the motion "calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by the court when it should have been." Matthews v.Matthews (1981), 5 Ohio App.3d 140, paragraph two of the syllabus;Columbus v. Hodge (1987), 37 Ohio App.3d 68, 69. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." State v. Owens (1997),112 Ohio App.3d 334, 336, dismissed, appeal not allowed, 77 Ohio St.3d 1487.
 {¶ 3} In the May 13, 2008 opinion, this court found the evidence was insufficient to create a genuine issue of material fact with respect to the formation of binding contracts providing for the transfer of partial ownership of the family business to appellant, and for the indefinite payment of wages and benefits to appellant. Further, this court held appellant's claim for promissory estoppel failed because there were no clear and unambiguous promises made. In addition, this court upheld the trial court's actions regarding appellant's discovery requests.
 {¶ 4} In his motion for reconsideration, appellant contends this court misconstrued his claims and analyzed them as employment claims rather than contract claims. Appellant further contends this court did not recognize his independent claims made under the theory of promissory estoppel. Additionally, appellant requests that if this *Page 3 
court reconsiders its decision regarding his contract and promissory claims, that it also reconsider its conclusion pertaining to the parties' discovery dispute.
 {¶ 5} Contrary to appellant's suggestion, we do not find that we misconstrued, or inappropriately analyzed appellant's claims. While appellant apparently disagrees with this court's conclusions and analysis, such is insufficient to meet the test for granting reconsideration. See Nunley v. Wayne Builders Corp. (Aug. 12, 1999), Franklin App. No. 98AP-1202. As appellee contends, the May 13, 2008 opinion reflects a discussion of both contract and promissory estoppel with separate analysis for each claim.
 {¶ 6} We do not find appellant's motion for reconsideration calls to this court's attention "an obvious error," nor does it raise issues "not considered at all," or "not fully considered" by this court.Matthews, supra. Instead, appellant is attempting to reargue the merits of his appeal. Accordingly, appellant's application for reconsideration is denied.
 {¶ 7} With respect to appellant's motion to certify, appellant argues that there is a conflict between this court's decision and decisions from other Ohio appellate courts. In Whitlock v. Gilbane Bldg. Co.
(1993), 66 Ohio St.3d 594, paragraph one of the syllabus, the Supreme Court of Ohio held, "[p]ursuant to Section 3(B)(4), Article IV of the Ohio Constitution and S.Ct.Prac. R. III, there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper." Additionally, the court stated:
 [A]t least three conditions must be met before and during the certification of a case to this court pursuant to Section 3(B)(4), Article IV of the Ohio Constitution. First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *Page 4 must be "upon the same question." Second, the alleged conflict must be on a rule of law — not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. * * *
Id. at 596.
 {¶ 8} Appellant seeks to certify a conflict on two separate issues. The first issue is whether a promise to forbear pursuit of a legal claim can be sufficient consideration to support a contract claim. In support, appellant cites Klaue v. Ohio Ins. Guaranty Assn., Cuyahoga App. No. 84762, 2005-Ohio-3003, Druso v. Bank One of Columbus (1997),124 Ohio App.3d 125, and Mathis v. St. Alexis Hosp. Assn. (1994),99 Ohio App.3d 159.
 {¶ 9} However, as appellee correctly notes, this rule of law was not even addressed by this court in its May 13, 2008 opinion. Therefore, we find no existing conflict on this basis.
 {¶ 10} The second issue appellant seeks to have certified as a conflict pertains to his promissory estoppel claim. Appellant states our opinion "fails to consider or allow that a promissory estoppel claim can stand alone, apart from an employment relationship, which conflicts with the ruling in [Svihlik v. Kaplan Trucking Co. (June 27, 1985), Cuyahoga App. No. 48648]." Again, however, we find our opinion does not conflict with the holding of Svihlik. This court found there was no evidence of a clear and unambiguous promise, or detrimental reliance sufficient to establish a promissory estoppel claim. The Svihlik court held that a promissory estoppel claim is available to at-will employees, a premise this court did not address. *Page 5 
 {¶ 11} Because we find a conflict does not exist between our opinion and those cited by appellant, we deny appellant's motion to certify conflict.
 {¶ 12} For the foregoing reasons, appellant's motion for reconsideration and motion to certify conflict are hereby denied.
Motion for reconsideration and motion to certify conflict denied.
SADLER, J., concurs. BRYANT, J., concurs separately.