SMITH, APPELLEE, *v.* CITY OF CUYAHOGA FALLS, APPELLANT.

(No. 3598—Decided October 7, 1943.)

*Mr. James M. Hinton,* for appellee.
*Mr. Lloyd E. Ellsworth,* city solicitor, and *Mr. Paul C. Weick,* for appellant.

WASHBURN, J.   Appellee, an elderly lady, was walking with her husband upon a public street in the city of Cuyahoga Falls, and while in front of a church she slipped and fell by reason of the slippery condition of the walk and was seriously injured.   The fall occurred about 2:30 in the afternoon of a winter day.

Appellee claimed that the slippery condition of the walk was due to ice, that its condition was such as to constitute a nuisance, and that such nuisance was caused by the freezing of melted snow and the freezing of water coming upon the walk from the adjoining church premises and from the public park

of the city adjoining the church. She also claimed that the city was charged with notice of the icy condition, either because it had existed for a long time or that recurrently for a long time such condition had existed by reason of the same cause. She further claimed that water from a downspout upon the church was cast upon said sidewalk, and that therefore the unsafe condition of the sidewalk was definitely created by causes other than the usual and natural accumulation of snow and ice upon the sidewalk.

The city denied these claims, and pleaded that, if it was in any way remiss in its duty in the care and condition of its sidewalk, the plaintiff was guilty of negligence which was the proximate cause of her alleged injuries, in that she failed to avoid the injuries by observing the claimed defective condition of the sidewalk.

At the close of appellee's evidence and again at the close of all of the evidence, the court overruled a motion by the appellant (city) for a judgment in its favor, and the cause was submitted to the jury. The verdict of the jury and the judgment of the court were in her favor, in the sum of $5000. The case is here on appeal on questions of law.

It is definitely settled in Ohio that, in the absence of a special statute, a municipality is not liable for injuries resulting from the usual and natural accumulation of snow and ice on its sidewalks, and that Section 3714, General Code, does not provide otherwise. *Mc-Cave* v. *City of Canton*, 140 Ohio St., 150, 42 N. E. (2d), 762.

From a reading of the record, including the charge of the court, it is evident that the jury in this case found that the condition of the sidewalk where the appellee fell was such as to constitute a nuisance, and that that condition did not arise from natural causes but from artificial causes, to wit, water from rainfall

or melting snow on the city's park property that was permitted to flow onto and down the walk in front of the church premises to the point where appellee fell, and water from a downspout from the church that was also cast upon the sidewalk.

Said downspout was on the far side of the church from where appellee fell, and gathered water that fell on an area only 36 feet wide and 100 feet long, and that involved only a fraction of the water that fell upon the. church property and in the immediate vicinity thereof.

The outlet of the downspout in question was upon the lawn of the church, and was at a distance of more than 100 feet from the sidewalk where appellee fell, and at a place on the lawn where, owing to the topography of the land, the water that did not seep into the ground flowed in a direction other than towards the place where appellee fell.

It is possible that a small portion of such water, in a roundabout way, reached the sidewalk upon which appellee fell, at some distance from where she fell, but the record discloses no justifiable reason for a claim that the downspout changed the course of the water that fell on the roof, or accelerated its flow in such a manner as to effect or create an artificial or unnatural condition on the street where appellee fell.

The church property was much higher than the sidewalk on which the appellee fell. The church building was 60 feet back from the sidewalk, and the water that fell on the property in front of the building naturally spread onto and across the sidewalk where the appellee fell.

The park property adjoined the church property and was only slightly higher than the street, and the water that fell on the park property naturally gravitated on the lawn towards and across the street in front of the park but at some distance from where appellee fell.

We are of the opinion that the finding of the jury that water from such downspout, or that water from the park property of the city, traveled down the sidewalk upon which appellee was walking, to the point where she fell, and at that point contributed to the forming of ice upon the walk, is manifestly against the weight of the evidence; and that any finding of the jury that the condition of the walk at the place where appellee fell was brought about by artificial or unnatural causes, would be not only manifestly against the weight of the evidence, but wholly unjustifiable; consequently there was no basis for a finding that the condition of the walk where appellee fell constituted a nuisance within the meaning of Section 3714, General Code.

We are also of the opinion that a finding that, where appellee fell, there was a recurring condition of ice due to other than natural causes, justifying a finding of notice to the city of the existence of a nuisance, would be manifestly against the weight of the evidence.

It should also be borne in mind that while in the petition, as amended just before trial, there was an allegation that the city had allowed the sidewalk to become broken, dislodged, irregular and out of repair, the evidence was not sufficient to justify submitting that claim to the jury, and the trial judge rightfully refrained from submitting it.

It has also long been established in Ohio that "One who goes voluntarily upon an accumulation of ice on a walk of a village cannot maintain an action against such village for a personal injury resulting to him, if the source of danger is plainly visible." *Village of Conneaut* v. *Naef,* 54 Ohio St., 529, 44 N. E., 236, approved and followed, with other decisions of like import, in *Davis* v. *Charles Shutrump & Sons Co.,* 140 Ohio St., 89, at page 98, 42 N. E. (2d), 663.

There is no dispute as to the amount of snow that

fell the night before the accident; it was a light snow. There is also no dispute in the evidence as to the pedestrian travel there was over the walk where she fell; literally hundreds of people walked over that walk after the snow and before she did; the little evidence there is indicating that the snow concealed the condition of the walk, is not credible or persuasive.

Most of the witnesses who testified concerning the conditions at that place had no difficulty in seeing the slippery condition of the walk, and when the appellee was asked by her attorney whether she was "able to see any ice by reason of that snow," she answered: "I *didn't* see the ice at all." (Italics ours.)

It is our judgment that, from the record, reasonable minds could come to no other conclusions than that the condition of the walk was not caused by artificial or unnatural means; that the condition of the walk was plainly visible to one passing over it; and that the appellee was guilty of contributory negligence.

The judgment should have been in favor of the city.

Appellee relies for her right to recovery largely upon the case of *McCave* v. *City of Canton, supra,* but we discover no intention therein to make a municipality liable for a condition such as is shown by the record in this case. Certainly, in this case, there was no evidence that, by means of the downspout "of a building adjoining a street," water was "cast" upon the sidewalk, in conformity to the requirements of the third paragraph of the syllabus in the *McCave case.*

Under the circumstances, we do not deem it necessary to refer to other claimed errors urged by appellant.

Judgment reversed and final judgment ordered for appellant.

*Judgment reversed.*

STEVENS, P. J., and DOYLE, J., concur.