**ERIE INSURANCE COMPANY, Appellee,**

v.

**STALDER et al., Appellants.**

[Cite as *Erie Ins. Co. v. Stalder* (1996), 114 Ohio App.3d 1.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–96–15.

Decided Sept. 13, 1996.

*Gooding, Huffman, Kelley & Becker* and *Christopher J. Moore*, for appellants Jeffrey Stalder and BJ's Drive-Thru.

*John A. Poppe*, for appellants Douglas Valenti and Pamela Shellabarger.

*John C. Nemeth & Associates* and *David A. Caborn*, for appellee Erie Insurance Company.

---

HADLEY, Presiding Judge.

Appellants Jeffrey Stalder and BJ's Drive–Thru ("BJ's") and appellants Douglas Valenti and Pamela Shellabarger appeal from the judgment entry of the Allen County Court of Common Pleas granting partial summary judgment in favor of plaintiff-appellee, Erie Insurance Company. This case was originally assigned to the accelerated docket. Because of the issues raised in this appeal we issue the following opinion pursuant to Loc.App.R. 12(5).

This case originated because of a physical altercation between appellants Stalder and Valenti on March 31, 1995, at BJ's Drive–Thru in St. Marys, Ohio. Stalder was the owner of the drive-in and was working there at the time of the altercation. Valenti was at the drive-in to pick up Shellabarger's last paycheck from Stalder. Although Stalder and Valenti present different versions of the fight, it is undisputed that the men exchanged punches. It is also undisputed that the men knocked over a beverage rack holding glass bottles at some point during the fight, causing the bottles to break, and causing a cut on Valenti's hand.

Valenti and Shellabarger filed a complaint against Stalder and BJ's.[1] The trial court provided the following as a summary of the causes of action in its Memorandum Decision.

"The complaint sets forth four causes of action. In the first cause of action, Valenti alleges that Stalder operates BJ's, and while present at the drive-thru on March 31, 1994, Valenti was cut by glass on the floor which Stalder negligently failed to clean up. The first cause of action further alleges that Stalder was negligent in causing Valenti to fall, thus causing Valenti's contact with the glass. In the second cause of action, Valenti alleges Stalder deliberately assaulted and battered him. The third cause of action is filed by Shellabarger, and alleges loss of consortium. The fourth cause of action, Valenti and Shellabarger allege that they suffered serious emotional distress intentionally inflicted upon them by Stalder."

In their answer Stalder and BJ's asserted that Stalder had acted in self-defense, in that Valenti battered him before Stalder retreated and then retaliated.

Appellee held the commercial general liability policy of insurance for BJ's. In a separate action appellee filed a complaint for declaratory judgment requesting that the court determine if the appellee had an obligation to defend and indemnify BJ's and Stalder for the injuries allegedly incurred by Valenti and Shellabarger. Appellee then moved to intervene as a party-defendant in the litigation between appellants. The motion to intervene was denied, but the trial court and all the parties agreed to treat the actions together, though they were never formally consolidated. Appellee filed a motion for summary judgment applicable to both actions on December 28, 1995.

The Court of Common Pleas of Allen County partially granted appellee's motion for summary judgment with the following declarations:

"(1) Erie has no duty to indemnify BJ's for Stalder's conduct on March 31, 1994;

"(2) Erie has no duty to defend or indemnify any loss (injury) sustained by Valenti and/or Shellabarger at BJ's as a result of the intentional infliction of emotional distress;

"(3) Erie does have a duty to defend BJ's and Stalder for the incident of March 31, 1994;

"(4) Shellabarger's claim for loss of consortium is derivative and therefore Erie has no duty to indemnify her claim; and

---

1. The complaint for the action between appellants was not supplied to this court as part of the record or as supplemented.

**4**

"(5) Case No. CV95 05 0264 is fully adjudicated and the costs thereof shall be charged to Erie."

From the trial court's declarations, Stalder and BJ's bring this appeal based on three assignments of error. First, Stalder, BJ's and appellants Valenti and Shellabarger (in their sole assignment of error) assert that the trial court erred in granting appellee's motion for summary judgment because questions of material fact exist. Second, Stalder and BJ's challenge the trial court's finding that appellee has no duty to indemnify under the terms of the insurance policy. In the final assignment of error Stalder and BJ's assert that the trial court erred by finding that the appellee had no duty to defend or indemnify them for the claims of intentional infliction of emotional distress.

Civ.R. 56(C) provides that a summary judgment motion should be granted only when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Since such a motion is a procedural tool to end litigation, it must be granted with caution and all uncertainties must be resolved against the moving party. *Davis v. Loopco Industries, Inc.* (1993), 66 Ohio St.3d 64, 66, 609 N.E.2d 144, 145.

It is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–140.

The standard of review of a summary judgment is the same for both a trial court and an appellate court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Civ.R. 56(D) permits the trial court to grant a partial summary judgment.

An insurance company has a duty to defend its insured against an action if the complaint alleges conduct that is within the coverage of the insured's policy. *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874. Additionally, if the allegations in the pleadings state a claim that is arguably or potentially within the insured's policy coverage, the insurer must defend the claim. *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio

St.3d 177, 9 OBR 463, 459 N.E.2d 555. It is therefore necessary, in the present case, to examine the insurance policy held by BJ's Drive–Thru and issued by appellee to determine whether the allegations made in the complaint by Valenti and Shellabarger arguably or potentially fall within the policy coverage.

The commercial general liability policy in question promises to "pay for damages because of personal injury or property damage for which the law holds anyone we protect responsible and which are covered by your policy. We cover only personal injury and property damage which occurs during the policy period. The personal injury or property damage must be caused by an occurrence which takes place in the covered territory."

Despite this coverage the policy excludes "injury or damage expected or intended from the standpoint of anyone we protect. This does not apply to personal injury or property damage resulting from your protecting persons or property."

Analyzing the facts of the present case in a light most favorable to Stalder and BJ's it is clear that Stalder hit Valenti in an effort to protect himself from Valenti's assault.[2] As a result of the actions taken in self-defense, Valenti fell onto a beverage rack, breaking bottles and cutting his hand.

Thus, the policy exclusion stated above would not apply in the present situation because Stalder acted in self-defense. The policy exclusion expressly states that it is inapplicable if the injury or damage caused is a result of the insured protecting persons or property. However, that does not also mean that the insured's actions are automatically covered under the insurance policy merely because the policy exclusion is inapplicable. Rather, appellant's injuries must be "caused by an occurrence" as defined under the insurance policy.

Assuming that Stalder acted reasonably in self-defense to protect himself and the property at BJ's, appellant would be covered under the policy, as the actions of an employee in the course of employment. If Valenti and Shellabarger's alleged damages are classified as "personal injury * * * caused by an occurrence which takes place in the covered territory" appellee is responsible under the insurance policy. The meanings of the terms "personal injury" and "occurrence" as they are used in the policy must be determined.

" 'Personal injury' means injury arising out of:

---

2. Stalder and BJ's argue that the trial did not properly construe the evidence most strongly in their favor because it also considered the version of the events set forth by appellants Valenti and Shellabarger. Thus, Stalder and BJ's argue that summary judgment was granted contrary to Civ.R. 56(C). Valenti and Shellabarger are interested parties under the policy. *Broz v. Winland* (1994), 68 Ohio St.3d 521, 629 N.E.2d 395. Thus, there was no prejudicial error on the part of the trial court in considering the interests of Valenti and Shellabarger.

"(1) bodily injury;

" * * *

" 'Bodily injury' means physical harm, sickness or disease sustained by a person. Bodily injury also includes care and loss of services and death at any time resulting from bodily injury.

" 'Occurrence' means an accident, including continuous or repeated exposure to the same general, harmful conditions."

As the Supreme Court of Ohio stated in *Kish v. Cent. Natl. Ins. Group* (1981), 67 Ohio St.2d 41, 41, 21 O.O.3d 26, 26, 424 N.E.2d 288, 289, "the determination of whether an occurrence is an 'accident' * * * must be from the standpoint of the insured." In so doing, Stalder and BJ's argue that Stalder's retaliation against Valenti was an accident because it was "an unexpected happening without intention," and is therefore an "occurrence" within the policy.

The facts, however, demonstrate that Stalder's action in striking Valenti was not an accident. In Stalder's deposition it is clear that Stalder *intended* to strike Valenti in the face with his fist. He intended to hit Valenti hard enough "to stop him." Thus, Stalder's actions relieve appellee from the duty to indemnify appellant.

Appellants cite *Physicians Ins. Co. v. Swanson* (1991), 58 Ohio St.3d 189, 569 N.E.2d 906, for the proposition that "[t]he resulting injury which ensues from the volitional act of an insured is still an 'accident' within the meaning of an insurance policy if the insured does not specifically intend to cause the resulting harm or is not substantially certain that such harm will occur." This court does not argue the validity or contention of that holding but, rather, finds that Stalder was substantially certain that harm would occur by striking Valenti with a fist in the face hard enough to stop him. The degree of harm does not have to be foreseen. Additionally, the court has the option to look at the facts of the individual case and review all of the evidence to determine whether the intent to act equals the intent to injure. *Moler v. Beach* (1995), 102 Ohio App.3d 332, 657 N.E.2d 303. Even from the standpoint of the insured, Stalder's actions were not an accident.

The complaint filed by Valenti and Shellabarger alleges that Stalder negligently failed to clean up glass from the bottles broken during the altercation and that Stalder negligently caused Valenti to fall onto the glass. A negligence cause of action could give rise to appellee's duty to indemnify appellants because it would classify as an "occurrence" under the insurance policy. However, it is clear from the analysis above that, taken in a light most favorable to appellants, Stalder did not negligently cause Valenti to fall onto the glass. Stalder's actions of causing Valenti to fall onto the glass, even if done in self-defense, were done with intent.

■ The negligence claim for failure to clean up the glass is likewise without merit. "Under the 'open and obvious' doctrine, an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property." *Anderson v. Ruoff* (1995), 100 Ohio App.3d 601, 604, 654 N.E.2d 449, 451; *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph one of the syllabus. The doctrine stands for the proposition that the nature of the hazard is a warning itself, and persons entering the premises will discover the danger and take appropriate measures to protect themselves. *Anderson.* Since Valenti was the person who was at least the partial cause of the beverage display collapse, the danger was clearly open and · obvious to him, assuming he would even be qualified as an invitee.

As the trial court held in the present case, there is a factual dispute as to who started the altercation at BJ's. Thus, appellee has a duty to defend under the issued policy. The Supreme Court of Ohio in *Preferred Mut. Ins. Co. v. Thompson* (1986), 23 Ohio St.3d 78, 23 OBR 208, 491 N.E.2d 688, held, in a factually similar case:

"When an insured admits that he intentionally injured a third party and the surrounding circumstances indicate that he acted in self-defense in causing the injury, the insured's insurance company may not refuse to defend the insured from the third party's intentional tort claim on the grounds that the third party's injuries fall within an exclusion from coverage for 'bodily injury * * * which is either expected or intended from the standpoint of the [i]nsured.'" *Id.* at syllabus.

■ In the final assignment of error, appellants contend that the trial court erred in finding that the appellee had no duty to defend or indemnify appellant on the claim for intentional infliction of emotional distress. Appellants argue that under *Thompson, supra,* allegations of negligence in the complaint require the insurer to defend and indemnify all alleged intentional torts. Since Valenti alleged negligence in Count I of the complaint, appellants contend that the appellee should defend and indemnify for the intentional infliction of emotional distress claim.

The policy in effect in this case protects against "personal injury." As noted above, personal injury is an injury arising out of a "bodily injury." A bodily injury "means physical harm, sickness or disease sustained by a person." Emotional distress, as the court noted in *Bowman v. Holcomb* (1992), 83 Ohio App.3d 216, 614 N.E.2d 838, is not a bodily injury contemplated or covered under the terms of the insurance policy. Thus, regardless of the whether Valenti and Shellabarger pled negligence in their complaint, the type of injury alleged, emotional distress, is not covered by appellees' policy issued to BJ's Drive–Thru.

8

Thus, appellee has no duty to defend or indemnify appellant for the intentional infliction of emotional distress claim.

For the above stated reasons, appellants' assignments of error are overruled. The judgment of the Allen County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.