GODWIN, Appellant,

v.

ERB et al., Appellees.

[Cite as *Godwin v. Erb,* 167 Ohio St.3d 645, 2006-Ohio-3638.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2006 CA 00074.

Decided July 3, 2006.

R. Craig McLaughlin and Peter D. Traska, for appellant.

Kimberly K. Wyss, for appellees.

BOGGINS, Judge.

{¶ 1} Plaintiff-appellant, Jeremy Godwin, appeals the trial court's judgment entry granting defendants-appellees' motion for summary judgment.

{¶ 2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated-calendar cases, provides:

{¶ 3} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶ 4} This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶ 5} In the fall of 2002, appellees Craig and Kathy Erb were notified by the village of Brewster that they needed to repair several sections of the sidewalk in front of their house. Eight months later, in June 2003, the Erbs began the repairs pursuant to Brewster's sidewalk-repair program. Appellee Craig Erb removed a concrete slab from a section of the sidewalk in order to remove tree roots. His actions resulted in a large hole in the sidewalk approximately four inches deep. Appellee testified that when he removed a slab from the sidewalk, he placed wooden stakes and caution tape around the area.

{¶ 6} On June 19, 2003, between 2:00 and 3:00 a.m., after a night of drinking at a friend's house, appellant, Jeremy Godwin, attempted to ride a bicycle home but crashed because of the condition of the sidewalk in front of the appellees' home.

{¶ 7} On June 14, 2005, Godwin filed a complaint against the appellees in the Court of Common Pleas of Stark County, claiming personal injuries for his fall from his bicycle. He negligence on the part of the appellees in failing to erect a barricade around the excavation that they created.

{¶ 8} On January 13, 2006, the appellees filed a motion for summary judgment, alleging that they did not have any duty to place a barricade around the excavation.

{¶ 9} By judgment entry filed February 22, 2006, the trial court granted the appellees' motion for summary judgment. In it, the trial court stated that the appellees did not owe the appellant any duty of care because of the open and obvious nature of the defect in the sidewalk.

{¶ 10} Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶ 11} "I. The trial court erred in granting the defendants/appellees' motion for summary judgment because the defendants breached the duty of care they owed to Jeremy Godwin.

{¶ 12} "II. The trial court erred in finding that the open and obvious doctrine barred the plaintiff/appellant's claims because appellees' duty is imposed by legislative enactment."

## I, II

{¶ 13} We shall address the appellant's first and second assignments of error simultaneously, as they both assign error to the trial court's granting of summary judgment in favor of appellees.

{¶ 14} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which rule was applied by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639:

{¶ 15} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶ 16} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgment motions by the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

{¶ 17} To establish a claim of negligence in Ohio, a plaintiff must show the existence of a duty, a breach of that duty, and injury directly and proximately resulting from a breach of this duty. *Menifee v. Ohio Welding Prods., Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707, citing *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125, 127, 47 O.O.2d 282, 247 N.E.2d 732, and *Feldman v. Howard* (1967), 10 Ohio St.2d 189, 193, 39 O.O.2d 228, 226 N.E.2d 564.

{¶ 18} Generally, owners of property abutting a public street are not liable for injuries to pedestrians resulting from defects in the streets unless the defects are created or negligently permitted to exist by the owners for their own

private use or benefit. *Eichorn v. Lustig's, Inc.* (1954), 161 Ohio St. 11, 52 O.O. 467, 117 N.E.2d 436, citing *Herron v. Youngstown* (1940), 136 Ohio St. 190, 16 O.O. 188, 24 N.E.2d 708.

{¶ 19} The appellant argues that the appellees were negligent per se pursuant to a Brewster ordinance and that he believes appellees owed him a duty pursuant to the ordinance.

{¶ 20} The appellant argues that the appellees owed a duty to him pursuant to the following village ordinance, which he claims that the appellees violated:

{¶ 21} "94.05 BARRIERS AROUND EXCAVATIONS

{¶ 22} "Any person engaged in or employing others in excavating, or opening any street, sidewalk, alley, or other public way shall have the excavation or opening fully barricaded at all times to prevent injury to persons or animals."

{¶ 23} Appellant also attempts to argue for the first time that the appellees also violated Brewster Codified Ordinances 94.06. "It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan*, 11th Dist. Nos. 2000–T–0154 and 2001–T–0003, 2002-Ohio-2440, 2002 WL 1012575, at ¶ 7, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 322 N.E.2d 629. We hold that appellant therefore has waived review of this issue by failing to raise it at the trial level.

{¶ 24} Appellant argues that the trial court erred in applying the "open and obvious" doctrine to the instant case.

{¶ 25} However, we find that the appellant, in his deposition, admitted that he has no recollection as to whether there was a barricade present when he rode his bicycle into the hole in the sidewalk. Instead, he relies on his assertion that he did not see any caution tape around the sidewalk when he visited his mother a day or two prior to his accident. Furthermore, the photographs that the appellant attached to his memorandum opposing the appellees' motion for summary judgment show caution tape in place around the sidewalk excavation.

{¶ 26} Craig Erb testified in detail concerning the stakes and caution tape that he says he placed as a barricade around the area of the sidewalk under repair.

{¶ 27} We therefore hold that the appellant failed to prove a violation of the above statute.

{¶ 28} The "open and obvious" doctrine provides that the owner of a premises owes no duty to a person that enters upon the premises with respect to open and obvious dangers when the conditions are so obvious that a person may be expected to discover them and protect himself or herself against the condi-

tions. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 14; *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 48, 42 O.O.2d 96, 233 N.E.2d 589. *Smock v. Bob Evans Farms, Inc.*, 9th Dist. No. 02CA008075, 2003-Ohio-832, 2003 WL 470232, citing *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 203–204, 18 OBR 267, 480 N.E.2d 474. " 'Where the hazard is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant.' " *Smock*, 2003-Ohio-832, 2003 WL 470232, ¶ 11, quoting *Parsons v. Lawson Co.* (1989), 57 Ohio App.3d 49, 50–51, 566 N.E.2d 698.

{¶ 29} Similarly, the Supreme Court of Ohio has stated that a city is not accountable for injuries resulting from a pedestrian's failure to heed open and obvious dangers on public walkways:

{¶ 30} "One who voluntarily goes upon a sidewalk of a city, which is obviously, and by him known to be, in a dangerous condition, cannot recover on account of injuries which he may thereby sustain, even if the negligence of the city is admitted or shown." *Norwalk v. Tuttle* (1906), 73 Ohio St. 242, 76 N.E. 617, paragraph two of the syllabus.

{¶ 31} A city has no duty to a pedestrian for open and obvious defects that a pedestrian, using ordinary and reasonable care, would have detected and avoided. See id.; *Smith v. Cuyahoga Falls* (1943), 73 Ohio App. 22, 25, 27 O.O. 544, 53 N.E.2d 670. See, e.g., *Rogers v. Wooster* (July 30, 1997), 9th Dist. No. 96CA0085, 1997 WL 440930 (holding that the city was not negligent and stating that because of the obvious nature of the condition, "the city owed [the plaintiff] no duty to protect him from tripping over it. Where there is no duty, there can be no genuine issue of negligence").

{¶ 32} While we recognize that in the above cases, a municipality was the defendant, they were not decided on the basis of governmental immunity, and we therefore hold those cases to be applicable to the case at bar.

{¶ 33} We shall now address whether the sidewalk hole was open and obvious.

{¶ 34} The sidewalk excavation performed by the appellees left a three-inch to four-inch gap from the top of the concrete to the dirt and gravel underneath. Again, as stated above, the appellant in his deposition admitted that he saw that the sidewalk was under construction when he visited his mother, who lived next door, just one or two days before.

{¶ 35} The appellant next argues that even if the sidewalk presented an open and obvious danger, he should still prevail because attendant circumstances

existed that caused him not to notice the condition of the sidewalk, to wit, poor lighting and darkness.

{¶ 36} While there is no precise definition of "attendant circumstances," the definition would include "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." *McLain v. Equitable Life Assur. Co. of the U.S.* (Mar. 13, 1996), 1st Dist. No. C–950048, 1996 WL 107513, quoting *France v. Parliament Park Townhomes* (Apr. 27, 1994), 2nd Dist. No. 14264, 1994 WL 151658. " 'The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered.' " *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494, 499, 693 N.E.2d 807, quoting *Stockhauser v. Archdiocese of Cincinnati* (1994), 97 Ohio App.3d 29, 33–34, 646 N.E.2d 198.

{¶ 37} The only evidence that the appellant submitted concerning the lighting was his statement "Brian, the kid from next door that heard me crash into the sidewalk, said the street light was out."

{¶ 38} In his deposition, the appellant did not testify that the lack of that street light contributed to his fall.

{¶ 39} In Ohio, " '[d]arkness' is always a warning of danger, and for one's own protection it may not be disregarded." *Jeswald v. Hutt* (1968), 15 Ohio St.2d 224, 44 O.O.2d 196, 239 N.E.2d 37, paragraph three of the syllabus. Darkness should increase the care an ordinary person would exercise, not decrease it. Id.

{¶ 40} We therefore find no evidence of any attendant circumstances, other than the appellant's admitted alcohol consumption, which enhanced the danger to the appellant and contributed to his fall.

{¶ 41} Based on the foregoing, we hold that the trial court committed no error in granting the appellees' motion for summary judgment.

{¶ 42} The appellant's first and second assignments of error are overruled.

{¶ 43} The decision of the Stark County Court of Common Pleas is affirmed.

Judgment affirmed.

WISE, P.J., and EDWARDS, J., concur.