OPINION
{¶ 1} Appellants Susan and James Dobranchin filed a complaint in the Mahoning County Court of Common Pleas seeking to recover damages for injuries incurred on the sidewalk in front of 93 Oak Tree, Canfield, Ohio. Mrs. Dobranchin tripped over a water shutoff valve near the edge of the sidewalk, sustaining a variety of injuries. The house adjacent to the sidewalk was owned by Appellees Paul and Patricia Balciar. The other defendants were the City of Canfield ("Canfield"), the City of Canfield Water Department ("Water Dept."), and P.L.G.R. Enterprises ("PLGR"). The case was assigned to a magistrate, who granted summary judgment to all the defendants due to the open and obvious nature of the hazard. Appellants filed objections, which were overruled by the trial court, and the magistrate's decision was adopted. This timely appeal followed.
 {¶ 2} Mrs. Dobranchin admitted in her deposition that nothing was obstructing her view of the sidewalk when she tripped. She testified that she would have seen the water shutoff valve had she been looking down. Under the "open and obvious" doctrine, the owner of the premises owes no duty to others with respect to dangers that are so apparent that any person would be expected to discover the danger and protect against the condition. Although there are exceptions to the doctrine, Appellants did not provide any evidence that there were exceptional circumstances in this case, and the trial court was correct in granting summary judgment to Appellees. The judgment of the trial court is hereby affirmed.
 HISTORY OF THE CASE *Page 2 {¶ 3} On April 24, 2004, at 10:30 a.m., Appellants arrived at a neighborhood garage sale located on Oak Tree in Canfield, Ohio, near State Route 46. Several garage sales were taking place on the street, including one at the home of Appellees Paul and Patricia Balciar. It was a sunny day with no rain. Mrs. Dobranchin was walking on the sidewalk in front of the Balciars' house, when she tripped on a round, metal disk protruding slightly above the level of the sidewalk. The protrusion was about three inches wide. It was later determined that the object was the cap to a water shutoff valve. Mrs. Dobranchin fell, injuring her cheek, nose, forehead, hand, wrist, and knee. She sustained a number of bruises and a swollen eye. She had multiple fractures in her right wrist. The nearest person in front of Mrs. Dobranchin was 10 to 15 feet away at the time of the fall.
 {¶ 4} On December 13, 2005, Appellants filed a complaint for negligence and loss of consortium. The defendants were Paul and Patricia Balciar, the City of Canfield, the Canfield Water Department, and PLGR (the company that allegedly constructed the sidewalk). The case was referred to a magistrate. Appellant Susan Dobranchin was deposed on December 30, 2006. On December 13, 2006, Canfield and the Water Dept. filed a joint motion for summary judgment. On January 2, 2007, Appellees Paul and Patricia Balciar filed a motion for summary judgment. On January 7, 2007, Appellee PLGR filed a motion for summary judgment. On March 26, 2007, Appellants filed their response to the various motions for summary judgment. On May 17, 2007, the magistrate granted summary judgment in favor of *Page 3 
all the defendants on the grounds that the water valve in the sidewalk was an open and obvious condition.
 {¶ 5} Appellants filed objections to the magistrate's decision on May 29, 2007. The trial court overruled the objections on June 21, 2007, and entered judgment in favor of Appellees. This timely appeal followed on July 13, 2007. The three assignments of error on appeal will be treated out of order to facilitate the analysis of the issues presented.
 ASSIGNMENT OF ERROR NO. 3 {¶ 6} "THE TRIAL COURT ERRED RULING THAT APPELLEES, BALCIAR ARE NOT UNDER A DUTY TO MAINTAIN THE SIDEWALK IN FRONT OF THEIR HOME AND KEEP IT FREE FROM ANY NUISANCE SUCH AS THE PARTIALLY CONCEALED WATER SHUT OFF VALVE PROTRUDING FROM THEIR PROPERTY."
 {¶ 7} This assignment of error alleges error in granting summary judgment to two of the five defendants in this tort case: Mr. and Mrs. Balciar. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. GoodyearTire Rubber Co. (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ. R. 56, summary judgment is proper only when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated, and the moving party is entitled to judgment as a matter of law. Doe v. *Page 4 Shaffer (2001), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304, 733 N.E.2d 1186.
 {¶ 8} When moving for summary judgment, a party must produce some facts to suggest that a reasonable fact-finder could rule in his or her favor. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 386,701 N.E.2d 1023. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifyingthose portions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party'sclaim." (Emphasis in original.) Dresher v. Burt (1996),75 Ohio St.3d 280, 296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.
 {¶ 9} Appellants argue that the trial court misapplied the legal standard regarding whether a property owner has a duty to keep an abutting sidewalk in good repair. Appellants concede that, in general, a property owner owes no duty of care to pedestrians using an abutting sidewalk. The Ohio Supreme Court has held that:
 {¶ 10} "Unless otherwise shown by evidence, a sidewalk on a public street is presumed to be within the limits of the public street and under the control of the municipality or public authority. A municipality has certain duties to the public to maintain such sidewalks in repair and free from nuisance. An abutting owner is not responsible for the disrepair of a sidewalk in front of his premises unless its condition is brought about by his wrongful conduct. *Page 5 
 {¶ 11} "Ordinarily, the duty to keep streets, including sidewalks, open, in repair and free from nuisance rests upon a municipality and not upon the abutting owners." Eichorn v. Lustig's, Inc. (1954),161 Ohio St. 11, 13, 117 N.E.2d 436.
 {¶ 12} Appellants argue, though, that certain exceptions apply to override this general rule. Appellants cite the following three exceptions:
 {¶ 13} "First, when a pedestrian sustains injuries under such circumstances, the abutting property owner will be liable if a statuteor ordinance imposes upon him a specific duty to keep the sidewalk adjoining his property in good repair. Second, the property owner will be liable if by affirmative acts he created or negligently maintained the defective or dangerous condition causing the injury. Third, the property owner will incur liability if he negligently permitted the defective or dangerous condition to exist for some private use orbenefit." (Emphasis in original.) (Citations omitted.) Crowe v.Hoffman (1983), 13 Ohio App.3d 254, 255-256, 468 N.E.2d 1120.
 {¶ 14} Appellants contend that Canfield City Ordinance § 521.06
imposes a specific duty on landowners to keep abutting sidewalks in good repair. The ordinance states:
 {¶ 15} "No owner or occupant of abutting lands shall fail to keep the sidewalks, curbs or gutters in repair and free from snow, ice, or any nuisance."
 {¶ 16} Appellants submit that this city ordinance, particularly the section dealing with "any nuisance," imposed a specific duty on Paul and Patricia Balciar to keep their sidewalk free of the protruding shutoff valve, and that this statutory duty *Page 6 
overrides the presumption that the abutting landowner owes no duty to pedestrians using the sidewalk.
 {¶ 17} The Balciars argue in rebuttal that the type of ordinance in effect in Canfield does not impose general liability on abutting landowners for all pedestrian accidents. Appellees cite Lopatkovich v.City of Tiffin (1986), 28 Ohio St.3d 204, 503 N.E.2d 154, which dealt with a city ordinance very similar to the one in the instant case: "No owner or occupant of abutting lands shall fail to keep the sidewalks, curbs or gutters in repair and free from snow, ice or any nuisance." Id. at 206, fn. 1. The Lopatkovich Court reasoned that:
 {¶ 18} "[T]he rationale behind sidewalk snow removal statutes like the one sub judice is that it would be impossible for a city to clear snow and ice from all its sidewalks; and the duty imposed by such statutes is most likely a duty to assist the city in its responsibility to remove snow and ice from public sidewalks. This, however, does not raise a duty on owners and occupiers to the public at large, and such statutes should not, as a matter of public policy, be used to impose potential liability on owners and occupiers who have abutting public sidewalks." Id. at 207.
 {¶ 19} The Ohio Supreme Court reiterated its holding inLopatkovich a few years later: "we have previously rejected the notion that a landowner owes a duty to the general public to remove natural accumulations of ice and snow from public sidewalks which abut the landowner's premises, even where a city ordinance requires the landowner to keep the sidewalks free of ice and snow." Brinkman v. Ross (1993),68 Ohio St.3d 82, 85, 623 N.E.2d 1175. *Page 7 
 {¶ 20} This Court has previously held that the rationale used inLopatkovich regarding ice and snow removal ordinances applies to non-ice and snow cases as well. Beiling v. Loudon (June 28, 1995), 7th Dist. No. 94-C-58.
 {¶ 21} The instant case falls within the holding and factual setting found in the Eichom and Lopatkovich line of cases. There is no general duty of landowners to maintain sidewalks abutting their homes, and the type of city ordinance in this case does not act to create an actionable duty with respect to someone who slips or trips on the sidewalk.
 {¶ 22} The Balciars further argue that, even if the Canfield ordinance could impose general liability on an abutting landowner, such liability could not be imposed without some type of prior notice that they were in violation of the ordinance:
 {¶ 23} "Where a municipality enacts an ordinance imposing liability on a property owner for damages sustained by third parties for an owner's failure to comply with the ordinance, and where that municipality failsto provide the owner with notice of its violation, the ordinance may notbe relied upon to impose liability on the owner." (Emphasis in original.) Rosemann v. City of Berea (Sept. 2, 1999), 8th Dist. 74523, citing Hughes v. Kozak (February 22, 1996), 8th Dist. No. 69007.
 {¶ 24} Rosemann involved a trip-and-fall accident arising from an exposed water valve cap in a sidewalk, very similar to the facts of the instant case. We agree with Rosemann that a homeowner cannot be liable to third parties for failure to comply with a city ordinance when the homeowner has had no notice of the violation. There is no evidence in this case that the Balciars had any notice that they were in *Page 8 
violation of the Canfield snow removal ordinance. Furthermore, the mere existence of an ordinance requiring homeowners to maintain adjacent sidewalks does not create general liability for all pedestrian accidents occurring on the sidewalk. In the instant case, there was no evidence that the Balciars were notified that the water cap jutting above the level of the sidewalk was a problem, nor was there evidence that they installed the water cap, that they used the water cap, or that they altered it in any way to create an unnatural condition.
 {¶ 25} Appellants also argue that the Balciars are liable because they created a defective and dangerous condition that caused the accident. Appellants contend that the Balciars failed to trim the grass around the water cap, thus concealing it from view. The evidence from Mrs. Dobranchin's deposition, however, directly contradicts this argument. She clearly stated that she would have seen the water valve if she had looked, and that nothing was obstructing her view of the valve. (Dobranchin Depo., p. 30.)
 {¶ 26} The law regarding sidewalk snow removal ordinances, and the facts in the record, do not support Appellants' argument. This assignment of error is overruled. Even if we could sustain this assignment of error, though, the Balciars, along with the other defendants, would not be liable if the open and obvious doctrine applies, and this is the subject matter of the remaining two assignments of error.
 ASSIGNMENTS OF ERROR NOS. 1 AND 2 {¶ 27} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES AND AGAINST APPELLANT. *Page 9 
WHETHER THE WATER SHUTOFF VALVE WHICH CAUSED THE APPELLANT'S ACCIDENT WAS `OPEN AND OBVIOUS' IS A QUESTION OF FACT FOR THE JURY TO DECIDE."
 {¶ 28} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THERE WERE ATTENDANT CIRCUMSTANCES CONTRIBUTING TO THE FALL OF THE APPELLANT."
 {¶ 29} Appellants argue that the "open and obvious" doctrine does not provide a basis for summary judgment when reasonable minds could differ regarding the obviousness of the risk. Under Ohio's "open and obvious" doctrine, a landowner is under no duty to protect or warn others against dangers on the property where, "the nature of the hazard is a warning itself, and persons entering the premises will discover the danger and take appropriate measures to protect themselves." Erie Ins. Co. v.Stalder (1996), 114 Ohio App.3d 1, 7, 682 N.E.2d 712. "[A] pedestrian must use reasonable care to detect and avoid any open and obvious defects." Shepherd v. Cincinnati, 168 Ohio App.3d 444, 2006-Ohio-4286,860 N.E.2d 808, ¶ 27. "When applicable * * * the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,80, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5. The open and obvious doctrine applies whether the defendant is a private city or a municipality.Norwalk v. Tuttle (1906), 73 Ohio St. 242, 76 N.E. 617, paragraph two of the syllabus. *Page 10 
 {¶ 30} This Court has held: "Municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways." Backus v. Giant Eagle,Inc. (1996), 115 Ohio App.3d 155, 157, 684 N.E.2d 1273. A pedestrian has a duty to look for and avoid known and obvious cracks in blacktop. Id. There is a rebuttable presumption that a defect of less than two inches in height is insubstantial as a matter of law and does not give rise to liability. Kimball v. Cincinnati (1953), 160 Ohio St. 370, 52 O.O. 237,116 N.E.2d 708; Cash v. Cincinnati (1981), 66 Ohio St.2d 319,20 O.O.3d 300, 421 N.E.2d 1275; Shepherd v. Cincinnati, 168 Ohio App.3d 444,2006-Ohio-4286, 860 N.E.2d 808.
 {¶ 31} There is no evidence in this case that the water shutoff valve extended more than two inches above the level of the sidewalk, and the photographs submitted by the parties appears to indicate that the valve cap extended only slightly above the sidewalk. Thus, there is a rebuttable presumption that the defect was insubstantial as a matter of law.
 {¶ 32} Nevertheless, a court should consider any attendant circumstances to determine whether a minor defect of less than two inches in height should be deemed as substantial. Cash, supra,66 Ohio St.2d 319, 20 O.O.3d 300, 421 N.E.2d 1275. An attendant circumstance includes, "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." Godwin v. Erb,167 Ohio App.3d 645, 2006-Ohio-3638, 856 N.E.2d 321, ¶ 36. In order to impose liability, "[t]he *Page 11 
attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 499, 693 N.E.2d 807. "[A]n attendant circumstance is the circumstance which contributes to a fall and a circumstance which is beyond the control of the injured party." Backus, supra, at 158.
 {¶ 33} Although it is true that the mere invocation of the open and obvious doctrine by Appellees does not warrant summary judgment in their favor, Appellants do not point to any facts to overcome the rebuttable presumption that the protruding water valve cap was insubstantial as a matter of law. The mere fact that the water valve cap jutted slightly above the level of the sidewalk does not override the open and obvious doctrine. The burden was on Appellants to provide evidence as to attendant circumstances sufficient to overcome Appellees' motions for summary judgment. Appellants point to no attendant circumstances that would affect liability. In fact, Mrs. Dobranchin admitted that it was a sunny day, that no one else was within 10-15 feet of her on the sidewalk, and that she could have seen the water valve had she looked at the sidewalk. Such circumstances do not qualify as attendant circumstances. See, e.g., Gordon v. Dziak, 8th Dist. No. 88882,2008-Ohio-570 (no attendant circumstances are present when the plaintiff tripped on a minor defect in the sidewalk on a warm, sunny day with no traffic or other pedestrians nearby, and when the plaintiff was looking at the traffic light rather than paying attention to the sidewalk). While she claims she was distracted by the sight of other garage sales on *Page 12 
the street, this does not affect the fact that she could easily have seen the water cap had she looked. This is simply another way of saying she did not look; not that the obstruction could not be seen.
 {¶ 34} Appellants attempt to get past the open and obvious doctrine by referring to themselves as business invitees. "Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." Gladon v.Greater Cleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315,662 N.E.2d 287. There is evidence that the Balciars were conducting a yard sale, and that Appellants may have been business invitees in responding to the yard sale. Although Appellants attempt to impose liability based on their alleged status as business invitees rather than mere licensees or trespassers, the open and obvious doctrine has been held to apply specifically to business invitees: "An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, paragraph one of the syllabus. Therefore, Appellants' distinction regarding their status as business invitees does not affect the application of the open and obvious doctrine in this case.
 {¶ 35} Appellee Canfield Water Department also notes an additional argument that it is not an entity that is capable of being sued. Appellee is correct. See, e.g., Mollette v. Portsmouth CityCouncil, 169 Ohio App.3d 557, 2006-Ohio-6289, *Page 13 863 N.E.2d 1092, ¶ 24 (a city council may not be sued, and the proper entity is either the city or the individual members of council); Richardson v.Grady (Dec. 18, 2000), 8th Dist. Nos. 77381, 77403 (city police department is not sui generis and is not capable of being sued). Canfield Water Department should not have been a named defendant in this case.
 {¶ 36} The open and obvious doctrine defeats Appellants' cause of action. Appellees Mr. and Mrs. Balciar are also entitled to summary judgment on separate grounds because the record does not demonstrate that any duty was placed on them merely because they owned the land abutting the sidewalk on which the injury occurred. Appellee Canfield Water Department is entitled to summary judgment on the additional grounds that it is not an entity that is capable of being sued. For these reasons, the trial court was correct in granting summary judgment to all defendants. The judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1