**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | No. 12-35676 |
| Plaintiff - Appellee, | D.C. No. 3:11-cv-00079-RRB |
| v. | |
| STUART HOUSEL SMITH, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| JUSTIN BISCHOF, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Stuart Housel Smith appeals pro se from the district court's summary judgment against him in plaintiff State Farm Fire and Casualty Company's diversity action seeking a declaratory judgment in connection with an insurance dispute. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009)*,* and we affirm.

The district court properly granted summary judgment because under the plain language of the homeowners policy, the punching incident was not a covered "occurrence," and Smith's injuries were "expected or intended" by Bischof. *See Allstate Ins. Co. v. Campbell*, 942 N.E.2d 1090, 1097-98 (Ohio 2010) (in the insurance context, doctrine of inferred intent applies where an "intentional act and the harm are intrinsically tied so that the act necessarily resulted in the harm"); *Erie Ins. Co. v. Stalder*, 682 N.E.2d 712, 715 (Ohio Ct. App. 1996) (no covered "occurrence" where insured had acted in self-defense and intentionally punched a third party in the face); *see also Randolf v. Grange Mut. Cas. Co.*, 385 N.E.2d 1305, 1307 (Ohio 1979) ("[T]he word 'occurrence,' defined as 'an accident,' was intended to mean just that [–] an unexpected, unforeseeable event.").

We reject as unsupported Smith's contention that the district court mistakenly applied Ohio law and an objective intent standard.

**AFFIRMED.**